**SCHONEKAS EVANS McGOEY & McEACHIN, LLC**

 RECEIVED
DEC 16 2016

William P. Gibbens
504.680.6065
Billy@semmlaw.com

December 12, 2016

**VIA U.S. MAIL**
Donna Grodner, Esq.
2223 Quail Run Drive, Suite B
Baton Rouge, LA  70808

　　　　　　Re:　　*Officer John Doe Police Officer v. DeRay McKesson and Black Lives Matter*, Civil No. 16-724

Dear Ms. Grodner:

　　　In letters dated November 18 and November 29, 2016, I told you that my client, DeRay McKesson, is not the appropriate person to serve for Black Lives Matter and that we will not return a waiver of service for Black Lives Matter.

　　　Despite my previous communications to you on this issue, you have written to Mr. McKesson directly about this very issue. *See* Ex. "A."

　　　Please do not contact my client again.

　　　　　　　　　　Sincerely,

　　　　　　　　　　William P. Gibbens

WPG/tlb
Enclosure



**Serious Personal Injury Attorney**
## DONNA GRODNER

Donna U. Grodner                                                    dgrodner@grodnerlaw.com

November 30, 2016
*via mail*

RECEIVED
DEC 1 5 2016
BY:

DeRay McKesson
1104 Bryn Mawr Road
Baltimore, Maryland 21210

Re:    Officer John Doe Police Officer v. DeRay McKesson and Black Lives Matter
       16-742      Middle District of Louisiana

Dear Mr. McKesson,

        Please be advised that we represent Officer John Doe Police Officer in the above captioned matter.

        Please find enclosed a Waiver of Service form for Black Lives Matter. If Black Lives Matter chooses to waive service please mail the form back to us. Please also find enclosed a copy of the complaint that has been filed against Black Lives Matter. Thank you.

                                        Sincerely,

                                        Donna U. Grodner

DUG/nlsc

EXHIBIT
tabbies
"A"

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

| | |
|---|---|
| OFFICER JOHN DOE POLICE OFFICER | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   16-742-BAJ-RLB |
| DeRAY McKESSON and BLACK LIVES MATTER | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   DONNA U. GRODNER
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from      11/07/2016     , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

 

_____
*Signature of the attorney or unrepresented party*

     BLACK LIVES MATTER
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OFFICER JOHN DOE POLICE OFFICER | * | CIVIL ACTION NO: |
| | * | DIV: |
| v. | * | |
| | * | JUDGE |
| DeRAY McKESSON; and | * | |
| BLACK LIVES MATTER | * | MAGISTRATE JUDGE |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES/POLICE OFFICER HIT IN FACE WITH ROCK**

Now into court, through undersigned counsel, comes **OFFICER JOHN DOE POLICE OFFICER** for all injuries incurred as a result of the actions of defendants in use of force and injury or other causes as follows:

1.

**JURISDICTION**

The jurisdiction of this Honorable Court is invoked Pursuant to 28 USC § 1332 "Diversity Jurisdiction" and accordingly plaintiff specifically avers that his injuries and compensable damages are greater than $75,000.00 exclusive of interest and costs.

2.

**VENUE**

Venue is proper pursuant to 28 USC § 1391 (b)(D(2) in that the Plaintiff resides in Baton Rouge and was injured in Baton Rouge and the Defendants are foreign persons who reside in another state.  A substantial part of the events or omissions giving rise to the claim herein occurred in this district.

3.

Parties

**PLAINTIFF:**

**OFFICER JOHN DOE POLICE OFFICER** (hereafter "OFFICER")is a major who appears as a John Doe for his protection and who during material times herein was a duly commissioned Baton Rouge Police Officer who on July 9, 2016, was ordered to appear and respond to a protest staged and organized by DeRAY McKESSON on behalf of

"BLACK LIVES MATTER" a national organization.

**DEFENDANTS:**

**DeRAY McKESSON**, is a major, who is a resident of the State of Maryland and who during material times herein was a leader and co-founder of the national unincorporated organization that is known as "BLACK LIVES MATTER" and who during all material times in July 2016 while he was in Baton Rouge Louisiana was acting on behalf of BLACK LIVES MATTER and who lead the protest and violence that accompanied the protest in Baton Rouge Louisiana that took place outside the Baton Rouge Police Department located in the old Woman's Hospital on Airline Highway and who is amenable to service of process personal at his home in Baltimore, Maryland or where ever he may be found.

**BLACK LIVES MATTER**, is a national unincorporated association with chapter in many states and which in July 2016 staged a protest, blocking of a public highway, looting of a Circle K, throwing of items stolen and violence towards police in Baton Rouge, Louisiana, and which is amenable to service of process through a managing member. DeRay McKesson is a managing member of BLACK LIVES MATTER.

4.

BLACK LIVES MATTER was created by Alicia Garza, Patrisse Cullors, and Opal Tometi. The leaders of BLACK LIVES MATTER are RASHAD TURNER, JOHNETTA ELZIE and DeRAY McKESSON.

<u>GENERAL ALLEGATIONS</u>

5.

On July 7, 2016, Lakeem Keon Scott shot at passing cares along a Tennessee highway, killing one woman and wounding three others, including a police officer while yelling, "police suck! Black lives matter!"

6.

On July 5, 2016, Alton Sterling was shot and killed by a Baton Rouge Police Officer,

2

which started a flurry of activity by DEFENDANTS.

7.

On July 7, 2016, 12 police officers in Dallas Texas were shot.  Activities of BLACK LIVES MATTER was associate with the shooting.

8.

The shooting in Dallas occurred around 9:00 p.m., on July 7, 2016, at a "Black Lives Matter" protest/riot during which at least one sniper shot twelve (12) police officers that were on duty to keep the peace at the rally.  Five officers were killed and seven were seriously injured.

9.

On Saturday, July 9, 2016, **OFFICER JOHN DOE POLICE OFFICER** was a duly commissioned police officer, who was ordered to respond to a protest, march and blocking of a public street organized by Defendants.

10.

By July 9, 2016, Defendants were in Baton Rouge for the purpose of staging a protest.   Protests in other cites staged by Defendants resulted in violence and property loss.  DEFENDANTS conspired to violate the law by planning to block a public highway.

11.

DEFENDANTS were in Baton Rouge for the purpose of demonstrating, protesting and rioting to incite others to violence against police and other law enforcement officers.

12.

The Defendants announced that they would stage a protest/demonstration at the intersections of Airline Highway and Goodwood Boulevard, which is the location of the Baton Rouge Police Department and which is a known public highway.

13.

The protest was called a demonstration that was organized by the DEFENDANTS.

3

14.

At all time, DEFENDANTS knew police would be called to clear the public highway of protestors.

15.

Anticipating violence and property loss Baton Rouge Police Department arranged for a front line of officers in riot gear that formed a shield around officers who were to effectuate arrests and removal of Defendants from the public highway.

16.

OFFICER was one of the police officers who was ordered to make arrests.

17.

At the beginning the protest was peaceful until activist began pumping up the crowd. DeRay McKesson was in charge of the protests and he was seen and heard giving orders throughout the day and night of the protests.

18.

The protest turned into a riot. DEFENDANTS and their membership began to loot a Circle K and one of the items taken was plastic full water bottles, which Defendants began to hurl at the police who were in riot gear and hurl over the line of police in riot gear to strike the police who were behind the protective shield formed by the officers in riot gear. Officers were struck by the full water bottles.

19.

Defendant DeRay McKesson was present during the protest and he did nothing to calm the crowd and, instead, he incited the violence on behalf of the Defendant BLACK LIVES MATTER.

20.

When the Defendants ran out of the water bottles they were throwing at the Baton Rouge City Police, a member of Defendant BLACK LIVES MATTER, under the control and

4

custody of the DEFENDANTS, then picked up a piece of concrete or similar rock like substance and hurled into the police that were making arrests.

21.

OFFICER was struck fully in the face and immediately knocked down and incapacitated. OFFICER'S injuries include loss of teeth, injury to jaw, injury to brain and head as well as lost wages and other compensable losses.

22.

In the alternative, these DEFENDANTS have similarly attacked other businesses and other persons while protesting/rioting.

23.

Following the violence, DEFENDANTS took credit/blame for the protest and riot.

24.

On Sunday, DeRay McKesson told the New York Times, "The police want protesters to be too afraid to protest." He suggested that he intended to plan more protests.

25.

It was unreasonable for Defendant(s) to use force on OFFICER when he was not threatening any of them and performing lawful duties under color of law.

26.

During the riot, DeRay McKesson was arrested and the status of those charges are unknown.

27.

The following claims for relief are pled collectively and in the alternative.

28.

### FIRST CLAIM FOR RELIEF

### NEGLIGENCE

The DEFENDANTS knew or should have known that the physical contact and riot

5

and demonstration that they staged would become violent as other similar riots had become violent and thus DEFENDANTS knew or should have know that violence would result especially after they began assaulting police, they knew or should have known their actions could cause and/or lead to serious personal injury.

29.

Plaintiff seeks relief under La. C.C. arts. 2315 and 2317 of the Louisiana Civil Code, which injuries were occasioned by the intentional and/or negligent acts and/or omissions of the Defendant(s) herein.

30.

**RESPONDEAT SUPERIOR**

Pursuant to La. C.C. art. 2317, Defendants are liable for the actions of the BLACK LIVES MATTER membership, which caused the injuries herein.

31.

Pursuant to La. C.C. art. 2324, the Defendant are liable in solido for the injuries caused to OFFICER for their intentional actions and for conspiring to incite a riot/protest and other damages.

32.

**INJURIES**

The Plaintiff suffered acute injury and multiple serious and prolonged injury which include but are not limited to his neck, and face, discomfort, humiliation, pain and suffering, mental and emotional injury, medical and pharmaceutical expenses, and future lost wages.

33.

**REQUEST FOR JURY TRIAL**

Plaintiff prays for a jury trial on all issues.

Wherefore, Plaintiffs pray that the Defendants be cited to appear and answer and that after resolution of this matter that this Honorable Court enter Judgment in favor of the

6

Plaintiffs against the defendants with legal interest from the date of demand as follows:

a.  Physical pain and suffering;

b.  Physical injuries;

c.  For emotional and mental distress, pain and suffering, humiliation, embarrassment and loss of employment opportunities;

d.  Medical, hospital and pharmaceutical bills and services past, present, and future;

e.  inconvenience;

f.  Future lost wages;

g.  All litigation expenses; and

h..  For such other relief that the Court may deem just, equitable, or proper.

Respectfully submitted:

s/ Donna U. Grodner

Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX (225) 769-1997
Dgrodner@grodnerlaw.com

Denise A. Vinet (17185)
VINET & DAY, LLC
11817 Bricksome Ave., Ste A
Baton Rouge, Louisiana 70816
(225) 292-7410 FAX (225) 292-4149