UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **OFFICER JOHN DOE** | * | **CIVIL NO.:** |
| | * | |
| v. | * | **16-CR-742-BAJ-RLB** |
| | * | |
| **DERAY MCKESSON AND** | * | |
| **BLACK LIVES MATTER** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT DERAY MCKESSON'S MOTION TO DISMISS**

NOW INTO COURT, through undersigned counsel, comes defendant DeRay Mckesson, who respectfully submits the following memorandum in support of his motion to dismiss the complaint filed by Officer John Doe.

**I.    BACKGROUND**

On July 9, 2016, defendant DeRay Mckesson and hundreds of other individuals attended a protest in Baton Rouge, Louisiana in the aftermath of the death of Alton Sterling. Officer John Doe—an unnamed individual who has filed the instant lawsuit anonymously—contends that he was injured during that protest by an unknown assailant who hit him in the face with a piece of concrete. Rec. Doc. 1, ¶ 20. Officer Doe further contends that Mr. Mckesson is responsible for the actions of this unknown assailant and therefore liable for Officer Doe's injuries.

In making this claim, Officer Doe sets forth a number of unsupported, speculative conclusions. In particular, Officer Doe alleges:

(1) that Mr. Mckesson was in Baton Rouge "for the purpose" of "rioting to incite others to violence against police and other law enforcement officers," *id*. at ¶ 11;

(2) that Mr. Mckesson "organized" the protest that took place on July 9, 2016, *id*. at ¶ 13;

(3) that Mr. Mckesson "was in charge of the protest," gave "orders throughout the day and night," and "incited the violence," *id*. at ¶ 17-19; and

(4) that the unknown assailant who injured Officer Doe was "under the control and custody" of Mr. Mckesson, *id*. at ¶ 20.

Officer Doe fails, however, to plead any facts in support of these speculative conclusions.

For the following reasons, Officer Doe's speculative claims should be dismissed.

## II.  LAW AND ARGUMENT

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 200 (5th Cir. 2016). "In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation omitted). Although courts are required to take as true all factual allegations of the complaint, they are not bound to accept labels, conclusions, or formulaic recitation of the elements of a cause of action. *Id.* at 555.

To defeat a motion to dismiss, a complaint must "contain either direct allegations on every material point necessary to sustain a recovery" or "contain allegations from which an

2

inference fairly may be drawn that the evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995) (citations omitted). Therefore, a plaintiff must "plead specific facts not merely conclusory allegations" to avoid dismissal for failure to state a claim. *Guidry v. Bank of LaPlace,* 954 F.2d 178, 281 (5th Cir. 1992).

        A.        **Officer Doe's complaint consists entirely of conclusory allegations.**

Officer Doe's complaint against Mr. Mckesson consists entirely of conclusory allegations. First, Officer Doe contends that Mr. Mckesson came to Baton Rouge on July 9, 2016 "for the purpose" of rioting and inciting others to violence against the police. Rec. Doc. 1, ¶ 11. As his only support for that conclusory allegation, Officer Doe offers another conclusory allegation: that "[p]rotests in other cities staged by Defendants resulted in violence and property loss." *Id*. at ¶ 10. Nowhere in his complaint does Officer Doe allege what other protests Mr. Mckesson attended, how Mr. Mckesson "staged" those protests, how those protests became violent, or whether Mr. Mckesson had anything to do with the violence.

Second, Officer Doe contends that Mr. Mckesson "organized" the protest that took place on July 9, 2016. *Id*. at ¶ 13. Officer Doe's only support for that allegation is that Mr. Mckesson "took credit/blame for the protest and riot" because he told the New York Times on June 17, 2016 that "[t]he police want protesters to be too afraid to protest." *Id*. at ¶ 23-24. Officer Doe fails to explain how Mr. Mckesson's statement to the New York Times supports the conclusion that Mr. Mckesson "organized" the protest.

Third, Officer Doe contends that Mr. Mckesson "was in charge of the protest," gave "orders throughout the day and night," and "incited the violence." *Id*. at ¶ 17-19. Officer Doe provides no factual support for these allegations whatsoever—there are no factual details about

3

what orders Mr. Mckesson supposedly gave, how he led the protest, or what he said or did to incite violence.

Finally, Officer Doe contends that the unknown assailant who injured him was "under the control and custody" of Mr. Mckesson. *Id*. at ¶ 20. However, Officer Doe provides no suggestion as to how Mr. Mckesson "controlled" this unidentified person.

### B. Officer Doe fails to state a claim in negligence.

Officer Doe's first claim against Mr. Mckesson is for negligence pursuant to Article 2315 of the Louisiana Civil Code. Under Louisiana law, to recover under a theory of negligence, a plaintiff must prove (1) that the defendant had a duty to conform his conduct to a specific standard; (2) that the defendant's conduct failed to conform to the appropriate standard; (3) that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) that the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. *Long v. State ex rel. Dept. of Transp. and Dev.,* 916 So.2d 87, 101 (La. 2005). Officer Doe's complaint fails to address any of these elements.

First, Officer Doe fails to allege that Mr. Mckesson had a duty to protect him from the unknown assailant. Here, Officer Doe has not properly alleged (1) that Mr. Mckesson was a leader of the protest or (2) that there was any credible affiliation or connection between Mr. Mckesson and the unknown assailant. That failure alone defeats his negligence claim. However, even if Officer Doe had properly pled these elements, the Supreme Court in *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886 (1982), specifically held that protest organizers cannot be held strictly liable for the unauthorized actions of rogue individuals. *See Claiborne Hardware*, 458 U.S. at 933 (stating that the characterization of a protest as a "violent conspiracy" must "be supported by findings that adequately disclose the evidentiary basis for concluding that

4

specific parties agreed to use unlawful means, that carefully identify the impact of such unlawful conduct, and that recognize the importance of avoiding the imposition of punishment for constitutionally protected activity").

Furthermore, even if Mr. Mckesson, as a protester, owed any duty to Officer Doe, Officer Doe has failed to allege that Mr. Mckesson's conduct failed to conform to any appropriate standards. Aside from the general, conclusory allegation that Mr. Mckesson "incited violence," Officer Doe has failed to allege a single, inappropriate act or statement by Mr. Mckesson.

Finally, Officer Doe has failed to allege causation. "Cause-in-fact usually is a 'but for' inquiry that tests whether the accident would or would not have happened but for the defendant's substandard conduct." *Boykin v. La. Transit Co., Inc.,* 707 So.2d 1225, 1230 (La. 1998). Here, Officer Doe has failed to allege that Mr. Mckesson was the "but for" cause of his injuries. To the contrary, Officer Doe has specifically alleged that an unidentified third party injured him by hitting him in the face with a piece of concrete. Putting aside Officer Doe's conclusory allegation that Mr. Mckesson "controlled" the unknown assailant, there is no credible allegation that Mr. Mckesson caused that unknown individual to injure Officer Doe.

**C.     Officer Doe fails to state a claim in respondeat superior.**

Alternatively, Officer Doe contends that Mr. Mckesson is liable under a theory of "respondeat superior." Rec. Doc. 1, ¶ 30. Specifically, Officer Doe alleges that Mr. Mckesson is a "leader and co-founder of the national unincorporated organization that is known as 'Black Lives Matter" (*Id*. at ¶ 3); that the unknown assailant was a member of Black Lives Matter (*Id*. at ¶ 20); and that Mr. Mckesson is liable for the actions of "the Black Lives Matter membership." *Id*. at ¶ 30.

5

Like his negligence allegations, Officer Doe fails to allege any facts in support of these conclusions. He fails to explain how Black Lives Matter is an unincorporated organization capable of being sued; he fails to allege how or why Mr. Mckesson holds a position of leadership in Black Lives Matter that would impose liability upon him; and he fails to offer any support for his allegation that the unknown assailant was a "member" of Black Lives Matter.

Under Louisiana law, to find liability of an employer under the doctrine of respondeat superior, there must exist: 1) an employer/employee relationship; 2) a negligent or tortious act on the part of an employee; and 3) the act complained of must be committed in the course and scope of employment. *Buras v. Lirette*, 97-1255 (La. App. 4 Cir. 12/23/97), 704 So. 2d 980, 983.

Even if these elements could be applied to a member of an unincorporated association, Officer Doe fails to plead any of them in his complaint. With respect to the employer/employee relationship, Officer Doe includes nothing to support his conclusion that the unknown assailant was a member of Black Lives Matter. Furthermore, even assuming that the assailant was a member of Black Lives Matter, Officer Doe fails to allege any relationship between that individual and Mr. Mckesson. Finally, even if he were able to overcome these first two hurdles, Officer Doe has failed to allege that throwing a piece of concrete at a police officer is within the "course and scope" of membership in Black Lives Matter. As is stated above, the Supreme Court in *Claiborne* made clear that, absent extraordinary circumstances, an organization may not be held liable for the rogue actions of a single protester.

### III. Conclusion

Officer Doe's complaint consists of nothing more than unsupported, conclusory allegations that fail to state a plausible claim for relief. Officer Doe has failed to plead any

6

reasonable basis for holding Mr. Mckesson responsible for his injuries, and Mr. Mckesson respectfully requests that his motion to dismiss be granted.

Respectfully submitted,

*/s/ William P. Gibbens*
William P. Gibbens, 27225
SCHONEKAS, EVANS, McGOEY
& McEACHIN, LLC
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
Facsimile: (504) 680-6051
billy@semmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served upon opposing counsel of record this 25th day of January, 2017, by e-filing same into the CM/ECF system which will automatically delivery a copy of same to all counsel.

*/s/ William P. Gibbens*
WILIAM P. GIBBENS
