UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **OFFICER JOHN DOE** | * | **CIVIL NO.:** |
| | * | |
| v. | * | **16-CR-742-BAJ-RLB** |
| | * | |
| **DERAY MCKESSON AND** | * | |
| **BLACK LIVES MATTER** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO PROCEED AS JOHN DOE**

NOW INTO COURT, through undersigned counsel, comes defendant DeRay Mckesson, who respectfully submits the following memorandum in opposition to the plaintiff's motion to proceed as John Doe.

**I.   BACKGROUND**

On July 9, 2016, defendant DeRay Mckesson and hundreds of other individuals attended a protest in Baton Rouge, Louisiana in the aftermath of the death of Alton Sterling. The plaintiff, who has filed his lawsuit as "Officer John Doe," contends that he was injured during that protest by an unknown assailant who hit him in the face with a piece of concrete. Rec. Doc. 1, ¶ 20. Officer Doe further contends that Mr. Mckesson is responsible for the actions of this unknown assailant and therefore liable for Officer Doe's injuries.

Along with his petition, Officer Doe has filed a motion to proceed with his lawsuit under a fictitious name. Officer Doe offers no case law in support of this request, and simply states that he "has a family and has a public job that requires him to be in the public, where, if his identity were known could subject him to additional violence or injury."

1

## II.   LAW AND ARGUMENT

### A.   Officer Doe has failed to address the Fifth Circuit's criteria for proceeding anonymously.

Federal Rule of Civil Procedure 10(a) requires a plaintiff to disclose his name in his complaint.  *See Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).  The Fifth Circuit has held that "[p]ublic access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings."  *Id*., citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 579 (1980).  There is a clear and strong First Amendment interest in ensuring that "(w)hat transpires in the courtroom is public property."  *Id*., quoting *Craig v. Harney,* 331 U.S. 367, 374 (1947).

In *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981), the Fifth Circuit set forth the parameters for determining whether a plaintiff's desire for privacy outweighs the presumption of openness in judicial proceedings.  Although there is no "hard and fast formula for ascertaining whether a party may sue anonymously," the Fifth Circuit instructs courts to consider:  (1) whether the plaintiff has filed suit to challenge governmental activity; (2) whether the lawsuit compels the plaintiff to disclose information of the "utmost intimacy"; and (3) whether the lawsuit compels the plaintiff to admit an intention to engage in illegal conduct, thereby risking criminal prosecution.  *Id.* at 185.

None of these factors are dispositive, however, and courts "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns."  *Frank*, 951 F.2d at 323 (emphasis in original), citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).

**B.      Officer Doe has failed to meet any of the Fifth Circuit's criteria for proceeding anonymously.**

In his motion to proceed anonymously, Officer Doe cites no authority and fails to address any of the Fifth Circuit's criteria. However, he clearly cannot satisfy any of the Fifth Circuit's three traditional factors. Officer Doe is not "suing to challenge governmental activity," nor is he compelled to "disclose information of the utmost intimacy" or "admit an intention to engage in illegal conduct." Officer Doe is simply seeking financial damages in a personal injury lawsuit that he has chosen to file. The plaintiff's motion to proceed anonymously should be denied on that basis alone.

**C.      Officer Doe's alleged threats of violence by the defendants are unfounded and irresponsible.**

Officer Doe does, however, contend that disclosing his identity could subject him to "violence or injury." Rec. Doc. 2, ¶ 8. In support of this concern, Officer Doe makes a number of irresponsible allegations. Specifically, he attempts to link the defendants and the Black Lives Matter movement with acts of violence against the police, presumably to suggest that Mr. Mckesson poses a risk of danger. In particular, Officer Doe alleges (1) that Lakeem Keon Scott shot several people in Tennessee while yelling, "Police suck! Black lives matter!"; (2) that "activities of Black Lives Matter" were associated with the mass shooting of 14 police officers and two civilians in Dallas, Texas in July 2016 by Micah Xavier Johnson; and (3) that an unidentified "Black Lives Matter leader called for attacks on police at a rally in Portland, Oregon" in July 2016.[1] *Id.* at ¶¶ 1, 3, 4 and 6.

Officer Doe provides nothing linking Lakeem Scott or Micah Johnson—perpetrators who committed terrible acts of violence on their own—to the defendants. None of these allegations

---

[1] Officer Doe also cites the July 17, 2016 ambush of Baton Rouge police officers by Gavin Eugene Long, whom Officer Doe admits "has not been shown to be a member of Black Lives Matter." Rec. Doc. 2, ¶ 7.

3

of violence can be attributed to Mr. Mckesson, and Mr. Mckesson has repeatedly called for **non-violent** protests. *See*, *e.g.*, *Report: Black Lives Matter Leader DeRay Mckesson Calls for Peace in Wake of Shootings*, PORTLAND PRESS HERALD, July 17, 2016 (Mr. Mckesson stating that "[t]he movement began as a call to end violence" and "[m]y prayers are with the victims of all violence").

In analyzing requests to proceed anonymously based on fear of retaliation, courts have found that a plaintiff's vague and insufficient allegations of harassment militate <u>against</u> allowing anonymity. *See Rose v. Beaumont Indep. School Dist.*, 240 F.R.D. 264, 267 (E.D. Tex. 2007); *Frank*, 951 F.2d at 324. In *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996), for example, the district court refused anonymity to a plaintiff who failed to provide details of her perceived threats or explain how the use of her real name in court papers would lead to harm.

In the present case, as a police officer with a "public job that requires him to be in the public" (Rec. Doc. 2, ¶ 8), Officer Doe has provided no credible arguments that disclosing his name as a plaintiff in this case would subject him to any risk greater than the risk he faces every day serving as a police officer. And Officer Doe has certainly provided no reason to withhold his name from Mr. Mckesson, who poses no risk whatsoever.

### D. Mr. Mckesson would be prejudiced if the plaintiff were allowed to proceed anonymously.

Finally, Mr. Mckesson would be prejudiced if the plaintiff were allowed to proceed anonymously. First, Officer Doe bases his request for anonymity on the irresponsible allegation that the defendants are linked to acts of violence. He has made these allegations in a publicly-filed pleading and has insinuated that Mr. Mckesson and participants in the Black Lives Matter movement are responsible for killing police officers. Because Officer Doe has rooted his request in a perceived threat by participants in the Black Lives Matter movement, members of the public

4

and a jury may mistakenly believe that permission to proceed anonymously constitutes the Court's affirmation of Officer Doe's irresponsible—and false—allegations.

In addition, Officer Doe has alleged that Mr. Mckesson is responsible for numerous mental and physical injuries, and Mr. Mckesson would be further prejudiced if he were deprived of the plaintiff's identity and unable to conduct the investigations necessary to defend himself.

### III. Conclusion

Because Officer Doe has not set forth sufficient grounds to withhold his name in these proceedings, defendant DeRay Mckesson respectfully requests that the plaintiff's motion to proceed anonymously should be denied.

Respectfully submitted,

*/s/ William P. Gibbens*
William P. Gibbens, 27225
SCHONEKAS, EVANS, McGOEY
& McEACHIN, LLC
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone:  (504) 680-6050
Facsimile:  (504) 680-6051
billy@semmlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served upon opposing counsel of record this 1st day of February, 2017, by e-filing same into the CM/ECF system which will automatically delivery a copy of same to all counsel.

*/s/ William P. Gibbens*
WILIAM P. GIBBENS

5