UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **OFFICER JOHN DOE** | * | **CIVIL NO.:** |
| | * | |
| v. | * | **16-CR-742-BAJ-RLB** |
| | * | |
| **DERAY MCKESSON AND** | * | |
| **BLACK LIVES MATTER** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
DEFENDANT DERAY MCKESSON'S MOTION TO STAY DISCOVERY**

NOW INTO COURT, through undersigned counsel, comes defendant DeRay Mckesson, who respectfully submits the following memorandum in support of his motion to stay discovery until after the Court rules on Mr. Mckesson's motion to dismiss.

**I.  BACKGROUND**

On July 9, 2016, defendant DeRay Mckesson, who is a resident of Baltimore, Maryland, and hundreds of other individuals attended a protest in Baton Rouge, Louisiana in the aftermath of the death of Alton Sterling.  Officer John Doe—an unnamed individual who has filed the instant lawsuit anonymously—contends that he was injured during that protest by an unknown assailant who hit him in the face with a piece of concrete. Rec. Doc. 1, ¶ 20. Officer Doe further contends that Mr. Mckesson is responsible for the actions of this unknown assailant and therefore liable for Officer Doe's injuries.

In making this claim, Officer Doe sets forth a number of unsupported, speculative conclusions. In particular, Officer Doe alleges:

(1) that Mr. Mckesson was in Baton Rouge "for the purpose" of "rioting to incite others to violence against police and other law enforcement officers," *id*. at ¶ 11;

1

(2) that Mr. Mckesson "organized" the protest that took place on July 9, 2016, *id*. at ¶ 13;

(3) that Mr. Mckesson "was in charge of the protest," gave "orders throughout the day and night," and "incited the violence," *id*. at ¶ 17-19; and

(4) that the unknown assailant who injured Officer Doe was "under the control and custody" of Mr. Mckesson, *id*. at ¶ 20.

Officer Doe fails, however, to plead any facts in support of these speculative conclusions, and Mr. Mckesson has filed a motion to dismiss Officer Doe's claims. *See* Rec. Doc. 15.

## II.  LAW AND ARGUMENT

The Court "has broad discretion and inherent power to stay discovery" while a motion to dismiss is pending. *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987). In addition, the "Fifth Circuit has held that it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined." *Parish of Jefferson v. S. Recovery Mgmt.,* 1996 WL 144400, *2 (E.D. La. March 27, 1996) (citing *Petrus,* 833 F.2d at 583).

In the present case, Officer Doe seeks to hold Mr. Mckesson liable for the acts of an unidentified third party. In his motion to dismiss, Mr. Mckesson argues that Officer Doe has failed to plead any legal basis for such a far-reaching claim of liability and that Officer Doe's complaint against Mr. Mckesson should be dismissed.

Officer Doe has indicated that he intends to depose Mr. Mckesson "as soon as is possible." Rec. Doc. 19 at p. 9. Mr. Mckesson is a resident of Baltimore, Maryland, and requiring him to submit to a deposition in Louisiana (or requiring the attorneys to travel to Maryland for a deposition) while his motion to dismiss is pending would cause him undue burden and expense. Under Federal Rule of Civil Procedure 26(c), the Court may issue a protective order for good cause to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed.R.Civ.P. 26(c). "As such, a Court may issue a protective order to

stay discovery pending the disposition of a motion to dismiss and/or motion for summary judgment when the party seeking such protection proves its necessity." *Whitener v. PLIVA, Inc.*, 2013 WL 6086005, at *3 (E.D. La. Nov. 19, 2013) (citing *Dresser v. MEBA Med. & Benefits Plan,* 2008 WL 2705584, at *2, n. 3 (E.D. La. Jul. 10, 2008) (stating that a temporary stay of discovery did not amount to an abuse of discretion as a "plaintiff's entitlement to discovery prior to a ruling on a motion to dismiss is not unlimited and may be terminated when the record shows that the requested discovery is not likely to produce facts necessary to withstand judgment as a matter of law"); *Aguirre v. Nueces County, Texas,* 217 Fed. App'x. 348 (5th Cir. 2007) (noting that a party "'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts'")).

### III.    Conclusion

Officer Doe's complaint makes a far-fetched claim against Mr. Mckesson: that Mr. Mckesson is liable for the actions of an unidentified individual who threw a piece of concrete during a protest. Mr. Mckesson has filed a motion to dismiss that claim, and he respectfully requests that the Court prevent any further expense by staying discovery until the motion to dismiss has been ruled upon.

Respectfully submitted,

*/s/ William P. Gibbens*
William P. Gibbens, 27225
SCHONEKAS, EVANS, McGOEY
& McEACHIN, LLC
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
Facsimile: (504) 680-6051
billy@semmlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing pleading was served upon opposing counsel of record this 3rd day of February, 2017, by e-filing same into the CM/ECF system which will automatically delivery a copy of same to all counsel.

*/s/ William P. Gibbens*
WILIAM P. GIBBENS