UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OFFICER JOHN DOE POLICE OFFICER | * | CIVIL ACTION NO: 16-742 |
| v. | * | CHIEF JUDGE |
| | * | BRIAN A. JACKSON |
| DeRAY McKESSON; and | * | |
| BLACK LIVES MATTER | * | MAGISTRATE JUDGE |
| | * | RICHARD L. BOURGEOIS, JR. |

**OPPOSITION TO DEFENDANT DERAY MCKESSON'S MOTION TO DISMISS**

MAY IT PLEASE THE COURT:

On January 25, 2017, Mr. DeRay McKesson filed *Defendant Deray McKesson's Motion to Dismiss* [RD 15], which should be denied. According to the motion, Mr. McKesson and Black Lives Matter conspired to violate the law that does not allow them to protest and block a highway in front of Baton Rouge Police Headquarters. The evidence of this is that McKesson and Black Lives Matter were all in Baton Rouge at the same time and place. Mr. McKesson and Black Lives Matter intentionally broke the law by blocking a public highway. The evidence of this is that multiple members including McKesson were arrested for blocking a public highway. See McKesson v. City of Baton Rouge, 16-520 RD 1 (La. M.D. 8/4/16). In Paragraph 21 of that lawsuit,[1] Mr. McKesson admitted:

> On Tuesday, July 5, 2016, Mr. Alton Sterling was shot and killed by Baton Rouge Police Department officers, leading to Plaintiffs and others protesting the Baton Rouge Police Department's conduct and seeking justice and demanding an independent investigation of Mr. Sterling's death and changes to the Baton Rouge Police Department's policies, procedures and practices.

In Paragraph 25, McKesson wrote:

> Defendants ordered class members to walk on the sidewalks, and to not walk in the street. This order was unreasonable and placed citizens walking along Airline Highway and other streets in danger, because those streets do not have sidewalks and the adjacent areas were uneven and not mowed and contained hazards that could not be seen.

Considering these admissions and the fact that Mr. McKesson filed the class action

---

[1] See McKesson v. City of Baton Rouge, 16-520 RD 1 (La. M.D. 8/4/16). RD 1, at 2, ¶ 21.

as its representative, Mr. McKesson may hardly claim he was not an organizer or leader of the protest that turned violent and resulted in the serious injury to a police officer who was ordered to enforce the law by clearing Airline Highway of the protesters, who purposefully chose to protest in the street and not on the sidewalks.

Obviously, McKesson and Black Lives Matter intended to march in the street and thereby block traffic. In doing so, Mr. McKesson and Black Lives Matter knew or should have known that the Baton Rouge Police would have to respond to them blocking the highway in front on the Baton Rouge Police Headquarters to protect oncoming motorist and the protesters. McKesson and Black Lives Matter knew or should have known that their blatant intent to violate the law would be met with arrests. Due to the violence and looting that has followed Black Lives Matter from city to city, McKesson and Black Lives Matter knew or should have the protest would turn violent and that looting would occur. Other officers in other cities had been injured in and during these protests and when Black Lives Matter began throwing objects at policy, they knew or should have known an office would be injured. The purpose of throwing objects was undoubtedly to cause injury.

These facts support a claim for civil conspiracy and the consequences of the civil conspiracy were injury to the Plaintiff, Officer John Doe Officer. La. C.C. art. 2324 entitled, "Liability as solidary or joint and divisible obligation," provides the following:

> A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.

Regarding a cause of action for civil conspiracy, Louisiana Courts have determined, the following:

> In order to recover under a conspiracy theory, a plaintiff must allege and prove that an agreement existed to commit an illegal or tortious act, which act was actually committed, which resulted in the plaintiff's injury, and there was an agreement as to the intended outcome or result. Crutcher-Tufts Res., Inc. v. Tufts, 07-1556, pp. 3-4 (La. App. 4 Cir. 9/17/08), 992 So. 2d 1091, 1094, writ denied, 2008-2677 (La. 1/16/09), 998 So. 2d 105 (citation omitted).Zeigler v. House. Auth. of New Orleans, 118 So. 3d 442, 456, 2013 La. App. LEXIS 824, *29, 2012-1168 (La. App. 4 Cir. 04/24/13);, 2013 WL

1775057 (La. App. 4 Cir. 2013).

### A. Agreement to commit an illegal or tortious act

McKesson and Black Lives matter staged a protest on a public highway in front of the Baton Rouge Police Department. La. R.S. 14:97. See Complaint [RD 1, at ¶¶ 12-15.]

### B. Agreement to the intended outcome or result

It is readily apparent, there was an agreement to violate the law and to start a confrontation with police. The law breaking activity occurred in front of the Baton Rouge Police Department. Mr. McKESSON was himself arrested. A reasonable person could conclude that there was an intent to be arrested by Baton Rouge Police. See Complaint, [RD 1, at ¶¶ 5-15.]

### C. Inciting violence

Officer John Doe has alleged that McKesson and Black Lives Matter were inciting violence during the law breaking activity that occurred in front of the Baton Rouge Police Department. The violence that resulted caused injury to Officer John Doe. See Complaint, [RD 1, at ¶¶ 17-19]

### D. Resulting violence

Officer John Doe has alleged that the looting and violence that occurred have accompanied other protests by Black Lives Matter that preceded the event in Baton Rouge. A reasonable jury could find a pattern of violent protests and that the pattern shows an intent to conduct a violent protest in Baton Rouge. See Complaint, [RD 1, at ¶¶ 1-21]

### E. Resulting injury to Officer John Doe

Officer John Doe who was in the course and scope of his duties suffered sever injuries due to the protest on a public highway in front of the police department and violence that accompanied the protest. See Complaint, [RD 1, at ¶¶ 21-26]

In Dietz v. Dietz, Ms. Dietz enlisted the assistance of her brother Mr. Morrison to harass her x-husband in what the court described as "scorched a scorched earth

campaign [of harassment] aimed directly at Mr. Dietz." Dietz v. Dietz, 165 So. 3d 342, 349, 2015 La. App. LEXIS 919, *9, 14-1164 (La. App. 3 Cir. 05/06/15); (La. App. 3 Cir. 2015). In that case, the trial court found that the brother and sister conspired to cause harm and did cause harm.

In Murray v. Cannon Cochran Mgmt. Servs., 2014 U.S. Dist. LEXIS 157210, *37-38, 2014 WL 5794997 (M.D. La. Nov. 6, 2014), this Court recognized that Louisiana law allows a claim for civil conspiracy,[2] writing, as follows:

> La. C.C. art. 2324 regarding liability for conspiracies is limited to conspiracies involving tortious conduct and does not extend to alleged breaches of fiduciary duty. See, Louisiana v. Guidry, 489 F.3d 692, 706-707 (5th Cir.2007)("Even after the revision of article 2324, Louisiana courts continue to recognize that its application is limited to conspiracies involving tortious conduct ... ")

Here, the conspiracy involved tortious conduct where in Mr. McKesson and Black Lives matter intended to and did engage the Baton Rouge Police in a dispute that turned violent and resulted in injury.

## CONCLUSION

This Court should deny the motion to dismiss as the Complaint in this matter states a cause of action against Mr. McKesson.

        Respectfully submitted:

        s/ Donna U. Grodner
        Donna U. Grodner (20840)
        GRODNER & ASSOCIATES
        2223 Quail Run, B-1
        Baton Rouge, Louisiana 70808
        (225) 769-1919 FAX (225) 769-1997
        Dgrodner@grodnerlaw.com

        Denise A. Vinet (17185)
        VINET & DAY, LLC
        11817 Bricksome Ave., Ste A
        Baton Rouge, Louisiana 70816

---

[2] Citing, Matthews v. Bancorpsouth Bank, No. 09-910, 2010 U.S. Dist. LEXIS 17732, 2010 WL 797790, at *8 (M.D. La. Mar. 1, 2010) (Brady, J.)

(225) 292-7410 FAX (225) 292-4149

CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2017, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for the defendants by operation of this Court's electronic filing system.

s/ Donna U. Grodner<br>
Donna U. Grodner (20840)<br>
GRODNER & ASSOCIATES<br>
2223 Quail Run, B-1<br>
Baton Rouge, Louisiana 70808<br>
(225) 769-1919 FAX (225) 769-1997