UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OFFICER JOHN DOE POLICE OFFICER | * | CIVIL ACTION 16-742-BAJ-RLB |
| | * | |
| VERSUS | * | CHIEF JUDGE |
| | * | BRIAN A. JACKSON |
| DeRAY MCKESSON; and | * | |
| BLACK LIVES MATTER | * | MAG. JUDGE |
| | * | RICHARD L. BOURGEOIS, JR. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DERAY MCKESSON'S RESPONSES TO
PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

Defendant, DeRay McKesson, responds to the First Requests for Admission propounded by Plaintiff, as follows:

GENERAL OBJECTIONS

1.      To the extent that any request for admission requests information subject to a claim of privilege or other protection, including, without limitation, the attorney-client privilege, the work product or anticipation of litigation doctrines, or rule of confidentiality provided by law, plaintiff objects to the requests for admission on that grounds and claims such privilege or doctrinal protection.   Moreover, the production of any protected information pursuant to the request for admission is inadvertent and without prejudice to defendant's right later to object that such information is protected and that production of such information was inadvertent.

2.      Defendant further objects to any request for admission to the extent that it seeks disclosure of information or documents where such disclosure would violate the privacy rights of individuals, confidentiality agreements, governmental regulations, or court orders

restricting the disclosure of information. Moreover, the production of any protected information or document pursuant to the requests for admission is inadvertent and without prejudice to defendant's rights later to object that such information or document is protected and that its production was inadvertent.

3.    In responding to these requests for admission, defendant does not waive and specifically reserves all general and specific objections. Additionally, defendant does not concede by responding that the information sought or provided is relevant to the subject matter of this action or is calculated to lead to the discovery of admissible evidence. Nor shall the production of any information be construed as an admission by defendant that said information is relevant, material, authentic, or otherwise admissible as evidence. Defendant expressly reserves the right to object to further discovery and to the subject matter of these requests for admission as well as to the introduction into evidence of any responses to these requests for admission.

4.    These General Objections apply to every response provided hereafter, as if set forth fully in each specific response.

## RESPONSES TO REQUESTS FOR ADMISSION:

### REQUEST FOR ADMISSION NO. 1:

Please admit you are a member of Black Lives Matter.

### RESPONSE TO REQUEST NO. 1:

This request is premature, since the parties have not had their discovery conference under Federal Rule of Civil Procedure 26(f). Officer Doe has named Black Lives Matter as a defendant in this matter and has repeatedly attempted to serve Mr. McKesson as a representative of Black Lives Matter. However, Officer Doe has not alleged that Black Lives Matter is an

entity which can be sued or that, even if it were, Mr. McKesson would be the appropriate person to serve. In addition, counsel for Mr. McKesson has repeatedly informed counsel for Officer Doe that Mr. McKesson will not accept service for Black Lives Matter. Subject to these objections, Mr. McKesson admits that he is part of the movement referred to as Black Lives Matter. He is not, however, a member of the Black Lives Matter Foundation, Black Lives Matter Network, Inc., or any other corporate entity using Black Lives Matter as its name.

**REQUEST FOR ADMISSION NO. 2:**

Please admit that on Saturday, July 9, 2016, you were involved in riots on behalf of Black Lives Matter in and around the intersection of Airline Highway and Goodwood Boulevard near a Circle K after the Alton Sterling shooting.

**RESPONSE TO REQUEST NO. 2:**

This request is premature, since the parties have not had their discovery conference under Federal Rule of Civil Procedure 26(f). Subject to that objection, this request for admission is denied.

**REQUEST FOR ADMISSION NO. 3:**

Please admit that on Saturday, July 9, 2016, you were involved in inciting violence on behalf of Black Lives Matter against police during the aforementioned riots after the Alton Sterling riots around the intersection of Airline Highway and Goodwood Boulevard near a Circle K.

**RESPONSE TO REQUEST NO. 3:**

This request is premature, since the parties have not had their discovery conference under Federal Rule of Civil Procedure 26(f). Subject to that objection, this request for admission is denied.

**REQUEST FOR ADMISSION NO. 4:**

Please admit that on Saturday, July 9, 2016, you were aware the rioting crowd was becoming violent and began throwing water bottles and rocks at police officers.

**RESPONSE TO REQUEST NO. 4:**

This request is premature, since the parties have not had their discovery conference under Federal Rule of Civil Procedure 26(f). Subject to that objection, this request for admission is denied.

**REQUEST FOR ADMISSION NO. 5:**

Please admit that on Saturday, July 9, 2016, you were aware the rioting crowd was becoming violent and did nothing to calm the crowd.

**RESPONSE TO REQUEST NO. 5:**

This request is premature, since the parties have not had their discovery conference under Federal Rule of Civil Procedure 26(f). Subject to that objection, this request for admission is denied.

**REQUEST FOR ADMISSION NO. 6:**

Please admit that on Saturday, July 9, 2016, you were aware an officer of Baton Rouge City Police was struck in the face and immediately knocked down and incapacitated.

**RESPONSE TO REQUEST NO. 6:**

This request is premature, since the parties have not had their discovery conference under Federal Rule of Civil Procedure 26(f). Subject to that objection, this request for admission is denied.

**REQUEST FOR ADMISSION NO. 7:**

Please admit that on Saturday, July 9, 2016, you were aware the officer was struck by a protester on behalf of Black Lives Matter.

**RESPONSE TO REQUEST NO. 7:**

This request is premature, since the parties have not had their discovery conference under Federal Rule of Civil Procedure 26(f).  Subject to that objection, this request for admission is denied.

**REQUEST FOR ADMISSION NO. 8:**

Please admit that on Sunday, July 20, 2016, you told the New York Times, "The police want protestors to be too afraid to protest."

**RESPONSE TO REQUEST NO. 8:**

This request is premature, since the parties have not had their discovery conference under Federal Rule of Civil Procedure 26(f).  Subject to that objection, Mr. McKesson admits that he made this statement.

**REQUEST FOR ADMISSION NO. 9:**

Please admit that you were arrested during the riots while protesting for Black Lives Matter.

**RESPONSE TO REQUEST NO. 9:**

This request is premature, since the parties have not had their discovery conference under Federal Rule of Civil Procedure 26(f).  Subject to that objection, Mr. McKesson admits that he was arrested but denies that riots were occurring.

**REQUEST FOR ADMISSION NO. 10:**

Please admit that you are not authorized to accept service of process on behalf of Black Lives Matter.

**RESPONSE TO REQUEST NO. 10:**

This request is premature, since the parties have not had their discovery conference under Federal Rule of Civil Procedure 26(f). This request also calls for a legal conclusion. Subject to those objections, Mr. McKesson is not authorized to accept service of process on behalf of Black Lives Matter.

Respectfully submitted,

*/s/ William P. Gibbens*
William P. Gibbens, 27225
SCHONEKAS, EVANS, McGOEY
& McEACHIN, LLC
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
Facsimile: (504) 680-6051
billy@semmlaw.com

*Attorney for Defendant, DeRay McKesson*

**CERTIFICATE OF SERVICE**

I do hereby certify that on December 21, 2016, I delivered the forgoing document to the opposing counsel via ___ U.S. Mail, **XX** email and/or ___ facsimile transmission.

WILLIAM P. GIBBENS

6