UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

OFFICER JOHN DOE POLICE OFFICER          CIVIL ACTION NO: 16-742
                                        *
v.                                      *    CHIEF JUDGE
                                        *    BRIAN A. JACKSON
DeRAY McKESSON; and                     *
BLACK LIVES MATTER                      *    MAGISTRATE JUDGE
                                        *    RICHARD L. BOURGEOIS, JR.
************************************************************************

**REPLY TO MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO PROCEED AS JOHN DOE**

MAY IT PLEASE THE COURT

On February 1, 2017, Mr. DeRay McKesson filed *Memorandum in Opposition to Plaintiff's Motion to Proceed as John Doe* [RD 16], which fails to offer any explanation as to how Mr. McKesson would in any manner be prejudiced by the Plaintiff if he proceed in court records as John Doe. Mr. McKesson has failed to address the issue of health and safety of the officer and his family or to attempt to offer any assurance that neither will suffer injury if their identity is known. Instead of focusing on the issue of health and safety, Mr. McKesson argues that the right to proceed as a John Doe is a purely legal one devoid of considerations other than legal. None of the cases cited by Mr. McKesson remotely resemble this case from a factual standpoint.

Had Mr. McKesson wanted a nonviolent confrontation with the Baton Rouge Police, he should not have staged a protest on a public highway in front of the Baton Rouge Police Offices blocking a public highway and doing nothing as his followers looted a store and stoned police with full water bottles and other materials.

Mr. McKesson came to Baton Rouge as a leader of Black Lives Matter to lead the protest. When Mr. McKesson saw the police respond in full riot gear forming a wall to protect the officers making arrests, he could have told Black Lives Matter members to "stand down." He did not. He, instead, made a very public showing of his arrest and had it photographed. The photograph of Mr. McKesson being arrested was published. Mr. McKesson used the photo to file a lawsuit complaining about being arrested even though

he knowingly violated the law and caused the protest that matured into yet another violent riot as is the pattern of Black Lives Matter protests around the country.

In Doe v. Pryor, 344 F.3d 1282, 2003 U.S. App. LEXIS 18795, 16 Fla. L. Weekly Fed. C 1083 (11th Cir. Ala. 2003), two gay men were allowed to proceed anonymously.

In Doe v. Reed, 561 U.S. 186, 186, 130 S. Ct. 2811, 2812, 177 L. Ed. 2d 493, 493, 2010 U.S. LEXIS 5256, *1, 78 U.S.L.W. 4682, 38 Media L. Rep. 1833, 22 Fla. L. Weekly Fed. S 603 (U.S. 2010), a same sex couple were allowed to anonymously challenge a state law extending certain benefits to same-sex couples, and a corresponding referendum petition to put that law to a popular vote.

In Doe v. AstraZeneca Pharmeceuticals, LP, 2015 U.S. Dist. LEXIS 102512, *12-13, 2015 WL 4661814 (E.D. La. Aug. 5, 2015), the Eastern District visited this issue and wrote:

> Federal Rule of Civil Procedure 10(a) requires that the title of a complaint disclose the names of all parties involved. Fed. R. Civ. P. 10(a). This rule is not without exception, however, and in limited circumstances, a party may be permitted to proceed anonymously due to interests of privacy. Doe v. Griffon Mgmt., LLC, No. 14-2626, 2014 U.S. Dist. LEXIS 171779, 2014 WL 7040390, at *1 (E.D. La. Dec. 11, 2014) (Africk, J.). Although the Fifth Circuit has refused to adopt a "hard and fast" formula for determining whether a party should be permitted to litigate under a pseudonym, it has recognized that such a determination "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981). "Examples of areas where courts have allowed pseudonyms include cases involving abortion, birth control, transsexuality, mental illness, welfare, rights of illegitimate children, AIDS, and homosexuality." Griffon Mgmt., 2014 U.S. Dist. LEXIS 171779, 2014 WL 7040390, at *2 (citing Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011)).

All of the cases cited involve confidentially concerns and invoke the protections for the health and safety of the individual bringing the lawsuit.

In Doe v. AstraZeneca, the plaintiff alleged that she would be labeled as mentally ill if her identity were disclosed along with the allegations that the drug Seroquel caused her injury. The plaintiff further alleged that she was prescribed Seroquel for sleep and not for treatment of mental illness.

In that case, the district court denied the request to proceed anonymously because the plaintiff failed to show that the present circumstances rise to those examples discussed in Doe v. Griffon Management. The Plaintiff had failed to allege that she was afflicted with a mental condition.

Here, not only has the John Doe officer alleged to have been injured by Mr. McKesson and Black Lives Matter, he fears further more serious injury if his identity is disclosed.

This Court should consider whether a pseudonym "is 'necessary to protect a person from injury or harassment,'" United States v. Doe (Doe II), 488 F.3d 1154, 1156 n.1 (9th Cir. 2007)), and then "'balance the need for anonymity against the general presumption that parties' identities are public information,'" id. (quoting Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000)).

## CONCLUSION

This Court should allow John Doe Officer to proceed anonymously for his and his family's protection.

Respectfully submitted:

s/ Donna U. Grodner
Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX (225) 769-1997
Dgrodner@grodnerlaw.com


Denise A. Vinet (17185)
VINET & DAY, LLC
11817 Bricksome Ave., Ste A
Baton Rouge, Louisiana 70816
(225) 292-7410 FAX (225) 292-4149


CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2017, a copy of the foregoing was filed

electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be

sent to counsel for the defendants by operation of this Court's electronic filing system.

s/ Donna U. Grodner
Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX (225) 769-1997
