UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **OFFICER JOHN DOE** | * | **CIVIL NO.:** |
| | * | |
| v. | * | **16-CV-742-BAJ-RLB** |
| | * | |
| **DERAY MCKESSON AND** | * | |
| **BLACK LIVES MATTER** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## REPLY MEMORANDUM IN SUPPORT OF
## DEFENDANT DERAY MCKESSON'S MOTION TO DISMISS

NOW INTO COURT, through undersigned counsel, comes defendant DeRay Mckesson, who respectfully submits the following reply memorandum in support of his motion to dismiss the complaint filed by Officer John Doe.

**I.   Officer Doe ignores Mr. Mckesson's arguments about the flaws in his negligence and respondeat superior claims.**

In his opposition memorandum, Officer Doe fails to address Mr. Mckesson's arguments about his flawed negligence and respondeat superior claims. With respect to the negligence claims, Officer Doe fails to explain what affiliation or connection existed between Mr. Mckesson and the unknown assailant who injured officer Doe, or how Mr. Mckesson was the proximate cause of Doe's injuries. Nor does Officer Doe address *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 933 (1982), in which the Supreme Court held that protest organizers cannot be held strictly liable for the unauthorized actions of rogue individuals. Simply put, Officer Doe has failed to offer a legitimate rationale for holding Mr. Mckesson responsible for the criminal act of an unidentified third party.

1

Officer Doe also fails to respond to Mr. Mckesson's arguments about his respondeat superior claim. He offers nothing in support of his allegations (1) that the unknown assailant was a "member" of Black Lives Matter, (2) that there was any relationship between the assailant and Mr. Mckesson, or (3) that Mr. Mckesson is responsible for the criminal act of an unidentified third party. Both Officer Doe's complaint and his opposition memorandum are devoid of any allegation that Mr. Mckesson controlled the unknown assailant or caused Officer Doe's injury.

Because Officer Doe does not even attempt to defend his negligence and respondeat superior claims, the Court should dismiss those claims and enter judgment in favor of Mr. Mckesson.

## II. Officer Doe offers a new "conspiracy" theory.

Instead of addressing Mr. Mckesson's arguments, Officer Doe offers an entirely new theory of liability: that Mr. Mckesson and Black Lives Matter entered into a civil conspiracy that "involved tortious conduct wherein Mr. Mckesson and Black Lives Matter intended to and did engage the Baton Rouge Police in a dispute that turned violent and resulted in injury." Rec. Doc. 21, p. 4. This allegation should be dismissed for at least four independent reasons.

First, the alleged "conspiracy" between Mr. Mckesson and Black Lives Matter is nowhere to be found in Officer Doe's complaint and, strangely, does not include the "unknown assailant" who actually injured Officer Doe. The conspiracy claim should be dismissed on that basis alone. *See Indus. Mar. Carriers, Inc. v. Holnam Inc.*, 1991 WL 34655, at *3 (E.D. La. Mar. 12, 1991) (holding that the "plaintiff cannot assert a cause of action not alleged in the complaint").

Second, Officer Doe has failed to allege that Black Lives Matter is an entity that can enter into a conspiracy, or even be sued. Officer Doe contends that Black Lives Matter is an

"unincorporated association." Rec. Doc. 1, p. 2. The Louisiana Supreme Court has held that "for an unincorporated association to possess juridical personality, the object of the contract of association must necessarily be the creation of an entity whose personality 'is distinct from that of its members.'" *Ermert v. Hartford Ins. Co.*, 559 So. 2d 467, 474 (La. 1990) (citing La.C.C. art. 24). The Court explained that "**an unincorporated association**, as a juridical person distinct from its members, **does not come into existence or commence merely by virtue of the fortuitous creation of a community of interest or the fact that a number of individuals have simply acted together**." *Id*. (emphasis added). In the present case, Officer Doe fails to allege any facts in support of his conclusion that Black Lives Matter is an unincorporated association.

Third, even if Black Lives Matter were a juridical entity, Officer Doe's allegation would fail as a matter of law because it violates the "intracorporate conspiracy doctrine," which states that a corporation cannot conspire with one of its officers. Officer Doe alleged that Mr. Mckesson is a "leader" of Black Lives Matter and that he has conspired with Black Lives Matter, the very organization he supposedly leads. Under the intracorporate conspiracy doctrine, "a corporation cannot conspire with its own employees, directors, or agents. The rationale of this rule is that acts of the corporation's agents are deemed to be acts of the corporation itself." *ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 81 (S.D. Tex. 2007). "As a result, an accusation of conspiracy between a corporation and its agent is essentially an allegation that the corporation conspired with itself—a legal impossibility." *See id.* Since it is a legal impossibility for Mr. Mckesson to conspire with Black Lives Matter, Officer Doe's "conspiracy" claim fails as a matter of law.

Finally, Louisiana law does not recognize an independent cause of action for "civil conspiracy." The Louisiana Supreme Court has explained that Article 2324 of the Louisiana

3

Civil Code "does not by itself impose liability for a civil conspiracy" and that the "actionable element in a claim under this Article is not the conspiracy itself, but rather the tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part." *Ross v. Conoco, Inc.*, 2002-0299 (La. 10/15/02), 828 So. 2d 546, 552 (quoting *Butz v. Lynch,* 97-2166, p. 6 (La.App. 1st Cir.4/8/98), 710 So.2d 1171, 1174).  Officer Doe's conspiracy claim does not include any allegations that Mr. Mckesson, Black Lives Matter, or anyone else directed the unknown assailant to throw a rock at Officer Doe.  Because Officer Doe has not alleged an agreement "as to the intended outcome or result," *i.e.*, the injury of Officer Doe, his conspiracy claim must fail.  *See Toth v. Calcasieu Par.*, No. 06-0998, 2009 WL 1255347, at *6 (W.D. La. May 6, 2009) (dismissing a civil conspiracy claim because the plaintiffs failed to allege "that there was an agreement as to the intended outcome or result").

### III.   Conclusion

Officer Doe's complaint consists of nothing more than unsupported, conclusory allegations that fail to state a plausible claim for relief.  Officer Doe has failed to plead any reasonable basis for holding Mr. Mckesson responsible for the actions of an unidentified third party, and Mr. Mckesson respectfully requests that his motion to dismiss be granted.

        Respectfully submitted,

        */s/ William P. Gibbens*
        William P. Gibbens, 27225
        SCHONEKAS, EVANS, McGOEY
        & McEACHIN, LLC
        909 Poydras Street, Suite 1600
        New Orleans, Louisiana 70112
        Telephone:  (504) 680-6050
        Facsimile:  (504) 680-6051
        billy@semmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was served upon opposing counsel of record this 14th day of February, 2017, by e-filing same into the CM/ECF system which will automatically delivery a copy of same to all counsel.

*/s/ William P. Gibbens*
WILIAM P. GIBBENS