UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**OFFICER JOHN DOE**                                    **CIVIL ACTION**

**VERSUS**

**DERAY MCKESSON, ET AL.**                             **NO. 16-742-BAJ-RLB**

## ORDER

Before the Court is Defendant DeRay Mckesson's Motion to Stay Discovery (R. Doc. 20) filed on February 3, 2017.  Plaintiff has filed an opposition. (R. Doc. 22).

Plaintiff is a Baton Rouge Police Officer who alleges that on July 9, 2016, during a protest staged and organized by Mr. Mckesson on behalf of Black Lives Matter, he was struck in the face with a piece of concrete or similar rock like substance. (R. Doc.1).   Plaintiff does not allege that Mr. Mckesson threw the object that allegedly struck him.

On January 25, 2017, Mr. Mckesson moved to dismiss the claims brought against him on the basis that the Complaint consists entirely of conclusory allegations and does not state a claim against Mr. McKesson. (R. Doc. 15).

Plaintiff now seeks a protective order staying discovery while his motion to dismiss is pending.

Rule 26(c) of the Federal Rules of Civil Procedure allows the Court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of

fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery.") (citation omitted).

Having reviewed the Complaint, the motion to dismiss, and Mr. Mckesson's arguments in support of the relief requested, and Plaintiff's opposition, the Court finds good cause to stay discovery.

**IT IS ORDERED** that Defendant DeRay Mckesson's Motion to Stay Discovery (R. Doc. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that discovery in this action is **STAYED** until resolution of the pending Motion to Dismiss (R. Doc. 15).

The Court previously cancelled the scheduling conference in this matter. If necessary, Plaintiff's counsel shall file an Amended Status Report within **14 days** of the district judge's ruling on the pending Motion to Dismiss and contact the undersigned for the purpose of resetting the scheduling conference.

Signed in Baton Rouge, Louisiana, on February 15, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**