# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **OFFICER JOHN DOE** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 16-742-BAJ-RLB** |
| **DERAY MCKESSON, ET AL.** | |

## ORDER

Before the Court is Plaintiff's Motion to Extend Time for Service (R. Doc. 18) filed on February 3, 2017. No opposition or response has been filed by any other party.

Plaintiff filed his Complaint on November 7, 2016. (R. Doc. 1). Rule 4(m) of the Federal Rules of Civil Procedure provides the following:

> If a defendant is not served within 90 days after the complaint is filed, the court –
> on motion or on its own after notice to the plaintiff – must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "When service of process is challenged, the serving party bears the burden of proving good cause for failure to effect timely service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citation and internal punctuation omitted). "Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* "Additionally, some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id.*

Plaintiff moves for an extension of the time to serve Black Lives Matters by an additional 90 days. Plaintiff represents that he has sent waivers of service pursuant to Rule 4(d), or

otherwise attempted service pursuant to Rule 4(c), on Marissa J. Johnson, DeRay McKennson,[1]

Brittany Packnett, and Suwilanji Sinyangwe, "known to be the leadership of Black Lives

Matter." (R. Doc. 18 at 1).  None of these individuals has waived service or accepted service on

behalf of Black Lives Matter. (R. Doc. 18 at 1; *see* R. Doc. 12 and R. Doc. 17).  Plaintiff also

quotes Rule 4(e) of the Federal Rules of Civil Procedure and Louisiana Civil Code article 1264

with no supporting analysis. (R. Doc. 18 at 1-2).  Finally, Plaintiff asserts that he "anticipates

issuing discovery to determine proper service information so that one or more of the leaders may

be served with a summons issued to Black Lives Matter and with the Complaint in this matter."

(R. Doc. 18 at 2).

      Plaintiff alleges that the underlying incident occurred on July 9, 2016.  His complaint was

filed less than four months later.  Plaintiff has had the opportunity to conduct due diligence to

determine whether Black Lives Matter is a juridical entity capable of being sued and, if so, the

procedures for perfecting service on that entity.  Plaintiff has not indicated why such due

diligence was not or could not be conducted prior to the filing of the instant lawsuit.[2]

      Based on the foregoing, the Court does not find good cause to extend the deadline to the

extent requested.  Plaintiff has provided no basis for the Court to conclude that an additional 90

days for service will result in any different result.  The Court will, however, set a new deadline

for Plaintiff to complete service on the named defendant Black Lives Matter as allowed by Rule

---

[1] Mr. McKesson, the sole individually named defendant in this action, waived service of process on behalf of himself. (R. Doc. 3 at 1).

[2] Plaintiff asserts in the Complaint that Black Lives Matter is "a national unincorporated association." (R. Doc. 1 at 2).  A review of federal court filings indicates in addition to the instant lawsuit, Black Lives Matter has been sued in federal civil actions three times, but has never been served and/or has never made an appearance in federal court. *See Logan v. Black Lives Matter Organization, et al*., No. 16-cv-2599 (D.S.C.); *Zamarripa v. Farrakhan, et. al.*, No. 16-cv-3109 (N.D. Tex.); *Klayman v. Obama, et. al.*, No. 16-cv-2010 (N.D. Tex.).  Plaintiff provides nothing to support a finding that Black Lives Matter is an unincorporated association or otherwise a juridical entity capable of being sued.

4(m).[3]  No further modification of the deadline to serve will be made in the absence of a showing of good cause.

      **IT IS ORDERED** that Plaintiff's Motion to Extend Time for Service (R. Doc. 18) is **GRANTED IN PART and DENIED IN PART**.  The deadline for Plaintiff to serve Black Lives Matter is extended to **March 17, 2017**.

      Signed in Baton Rouge, Louisiana, on March 2, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The Court does not make any determination at this time regarding whether Black Lives Matter is a juridical entity capable of being sued and/or whether the attempted service on the purported leadership of Black Lives Matter constitutes service of process consistent with the requirements of Rule 4. Furthermore, nothing in this Order modifies the timing and sequence of discovery pursuant as provided by Rule 26(d).