UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **OFFICER JOHN DOE** | * | **CIVIL NO.:** |
| | * | |
| v. | * | **16-CV-742-BAJ-RLB** |
| | * | |
| **DERAY MCKESSON AND** | * | |
| **BLACK LIVES MATTER** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
DEFENDANT DERAY MCKESSON'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 9(a)**

NOW INTO COURT, through undersigned counsel, comes defendant DeRay Mckesson, who respectfully submits the following memorandum in support of his motion to dismiss the complaint filed by Officer John Doe against Mr. Mckesson in his capacity as an alleged "agent" of "Black Lives Matter."

**I.   BACKGROUND**

Officer John Doe alleges that an unidentified assailant hit him in the face with a brick at a protest in July 2016. Officer Doe has sued defendant DeRay Mckesson individually for the injuries he allegedly suffered at the hands of this unknown perpetrator, and Mr. Mckesson has filed a motion to dismiss the complaint against him. *See* Rec. Doc. 15. Officer Doe has also served Mr. Mckesson as an "agent" of "Black Lives Matter," which has also been named as a defendant.

Mr. Mckesson is not a proper agent for service of "Black Lives Matter," and the complaint against "Black Lives Matter" should be dismissed pursuant to Rule 9(a) of the Federal Rules of Civil Procedure because Mr. Mckesson does not have the authority to "be sued in a

1

representative capacity" on behalf of "Black Lives Matter," which is a movement and not a juridical entity capable of being sued.

## II. LAW AND ARGUMENT

Rule 9(a) of the Federal Rules of Civil Procedure provides:

> When a party desires to raise an issue as to the legal existence of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

Fed.R.Civ.P. 9(a). *See Wagner Furniture Interiors, Inc. v. Kemner's Georgetown Manor, Inc.*, 929 F.2d 343, 345 (7th Cir. 1991).

In the present case, DeRay Mckesson does not have the capacity to be sued in a representative capacity on behalf of "Black Lives Matter."

First, *nobody* has the capacity to accept service or be sued on behalf of "Black Lives Matter" because "Black Lives Matter" is not a juridical entity is capable of being sued. Officer Doe alleges in his complaint that "Black Lives Matter" is a "national unincorporated association," but he provides no support for this allegation whatsoever. Indeed, Magistrate Judge Richard Bourgeois has previously noted that Officer Doe has provided "nothing to support a finding that Black Lives Matter is an unincorporated association or otherwise a juridical entity capable of being sued." Rec. Doc. 31, p. 2, n.3.

"Black Lives Matter" is not a juridical entity. It has no address, no hierarchy, and no appointed agents or representatives. The Louisiana Supreme Court has held that "for an unincorporated association to possess juridical personality, the object of the contract of association must necessarily be the creation of an entity whose personality 'is distinct from that of its members.'" *Ermert v. Hartford Ins. Co.*, 559 So. 2d 467, 474 (La. 1990) (citing La.C.C.

2

art. 24). The Court explained that "an unincorporated association, as a juridical person distinct from its members, does not come into existence or commence merely by virtue of the fortuitous creation of a community of interest or the fact that a number of individuals have simply acted together." *Id*. At best, the Black Lives Matter movement is what the Louisiana Supreme Court described in *Ermert*—the fortuitous creation of a community of interest. However, even as a community of interest, it would be nearly impossible to ascribe a single common purpose or interest to the hundreds of thousands of different people, many with different goals and motives, who have protested, posted online, or acted under the "Black Lives Matter" banner.

In determining whether groups of individuals formed unincorporated associations, courts have looked to a number of different factors, such as requiring dues, having insurance, drafting articles of incorporation or other governing agreements, and having a clear and understandable membership structure. *See*, e.g., *Bogue Lusa Waterworks Dist. v. Louisiana Dep't of Envtl. Quality*, 2004-0061 (La. App. 1 Cir. 12/17/04) 897 So. 2d 726, 728 (relying on an organization's drafted, but unfiled, articles of incorporation); *Friendship Hunting Club v. Lejeune*, 2008-671 (La. App. 3 Cir. 12/10/08), 999 So. 2d 216, 223 (relying on an organization's dues and insurance policy); *Concerned Citizens Around Murphy v. Murphy Oil USA, Inc.*, 686 F. Supp. 2d 663, 675 (E.D. La. 2010) (relying on an organization's clear and understandable membership structure).

None of these factors are present here. "Black Lives Matter" does not have a governing body, dues-paying members, bylaws or other agreements, or even a central location. Simply put, "Black Lives Matter" is a movement and not an organization.

To be sure, numerous organizations have incorporated the name "Black Lives Matter" into their titles. The Black Lives Matter Network, for example, promotes itself as the "Official #BlackLivesMatter Organization founded by Patrisse Cullors, Opal Tometi, and Alicia Garza."

3

*See* Ex. "A," www.blacklivesmatter.com.  If Officer Doe has intended to sue this entity, or any other entity that incorporates "Black Lives Matter" into its name, Mr. Mckesson is not the proper agent for service.

### III.     Conclusion

For the reasons stated above, DeRay Mckesson is not the proper agent for "Black Lives Matter."  "Black Lives Matter" is not a juridical entity capable of being sued, and Officer Doe's complaint should be dismissed pursuant to Rule 9(a) of the Federal Rules of Civil Procedure.

> Respectfully submitted,
>
> */s/ William P. Gibbens*
> William P. Gibbens, 27225
> SCHONEKAS, EVANS, McGOEY
> & McEACHIN, LLC
> 909 Poydras Street, Suite 1600
> New Orleans, Louisiana 70112
> Telephone:  (504) 680-6050
> Facsimile:  (504) 680-6051
> billy@semmlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served upon opposing counsel of record this 7th day of April, 2017, by e-filing same into the CM/ECF system which will automatically delivery a copy of same to all counsel.

> */s/ William P. Gibbens*
> WILIAM P. GIBBENS