UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| OFFICER JOHN DOE POLICE OFFICER | CIVIL ACTION NO: 16-742 |
| v. | CHIEF JUDGE<br>BRIAN A. JACKSON |
| DeRAY McKESSON; and<br>BLACK LIVES MATTER | MAGISTRATE JUDGE<br>RICHARD L. BOURGEOIS, JR. |

**MEMORANDUM IN SUPPORT OF
MOTION TO FILE FIRST AMENDED COMPLAINT FOR DAMAGES**

MAY IT PLEASE THE COURT:

This Court should allow Officer John Doe Police Officer to file amended complaint for damages and to name Black Lives Matter Network and #BlackLivesMatter as Defendants in this matter and to add as party defendants Black Lives Matter Network and #BlackLivesMatter .

A donation was made and the receipt from the donation indicates that Black Lives Matter may be the trade name for Black Lives Matter Network and #BlackLivesMatter.

The receipt also indicates that the entity accepting the money for Black Lives Matter is both Black Lives Matter Network and #BlackLivesMatter.[1]

A link on the receipt indicates that Black Lives Matter, Black Lives Matter Network and #BlackLivesMatter are all either the same entity, or closely related entities, but are all founded by the same persons, who are Alicia Garza, Patrisse Cullors, and Opal Tometi.

We further wish to clarify some of the claims set forth through the original complaint through an amendment.

Federal Rules of Civil Procedure Rule 15 allows for amendment of the pleading and the Fifth Circuit has a history of pursuing "a course of strong liberality ... in allowing amendments." Pursuant to FRCP 15 (a), leave is not necessary where an answer has not been filed. Nevertheless, leave should be freely granted.

---

[1] See Exhibit 1: Donation Receipt - it appears that Black Lives Matter has partnered with another entity for administrative and financial service.

In <u>Falls Industries, Inc. v. Consolidated Chemical Industries, Inc.</u>, 258 F.2d 277 (5th Cir. 1958), the Court held that "Rule 15 is one of the most important of the rules that deal with pleadings.  It re-emphasizes and assists in attaining the objective of the rules on pleadings: that pleadings are not an end in themselves, but are only a means to the proper presentation of a case; that at all times they are to assist, not deter, the disposition of litigation on the merits.' 3 MOORE'S FEDERAL PRACTICE, Sec. 15.02, p. 804.  Amendments to conform to proof are permitted under Rule 15(b) in order to bring the pleadings into line with the issues actually developed during the trial even though the issues were not adequately presented in the pleadings. 1 Barron and Holtzoff, FEDERAL PRACTICE AND PROCEDURE, Section 449, p. 917.  The prime purpose of 15(b) is to avoid the necessity of new trials.  But an amendment may be made at any time and as Moore says, 'the only qualification to the rule is that federal jurisdiction be neither enlarged nor restricted'. 3 Moore, FEDERAL PRACTICE, Section 15.02, p. 805."[2]

The Fifth Circuit continued its emphasis of this policy in <u>Mineral Industries & Heavy Const. Group v. Occupational Safety and Health Review Com'n</u>, 639 F.2d 1289 (5th Cir. 1981) by providing a detailed analysis of the rule, and writing, 639 F. 2d at 1292:

> The Commission amended the complaint pursuant to Federal Rule of Civil Procedure 15(b). **In allowing for the amendment of pleadings, Rule 15(b) is designed to ensure that poor foresight on the part of scriveners is not converted into tunnelvision on the part of judges.  The amendment process prevents "technicalities" in pleading from impeding the just resolution of the merits of cases**. See <u>United States v. Stephen Brothers Line</u>, 384 F.2d 118, 124 (5th Cir. 1967) (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 181 (1962)).  To effectuate the policy underlying Rule 15(b), and in recognition of the spirit of the Federal Rules of Civil Procedure, this Circuit has pursued "a course of strong liberality ... in allowing amendments." <u>United States v. Stephen Brothers Line</u>, supra, 384 F.2d at 124-125 (quoting <u>Hall v. National Supply Co.</u>, 270 F.2d 379, 383 (5th Cir. 1959)); see <u>Wansor v. George Hantscho Co., Inc.</u>, 570 F.2d 1202, 1208 (5th Cir.), <u>cert. denied</u>, 439 U.S. 953, 99 S.Ct. 350, 58 L.Ed.2d 344 (1978).
> This Western District Bench provided a persuasive analysis of this rule in <u>Cotton Bros. Baking Co., Inc. v. Industrial Risk Insurers</u>, 690 F. Supp. 1541 (W.D. La.1988).

---

[2] <u>Falls Industries, Inc. v. Consolidated Chemical Industries, Inc.</u>, 258 F.2d at 285-286.

Writing, 690 F. Supp. 1548-1549, the Court ruled:

> Rule 15(b) is "designed to facilitate decision of claims on their merits rather than on procedural technicalities." Jimenez v. Tuna Vessel GRANADA, 652 F.2d 415, 420 (5th Cir.1981) (footnote omitted). **"The prime purpose of 15(b) is to avoid the necessity of new trials."** Falls Industries, Inc. v. Consolidated Chemical Industries, Inc., 258 F.2d 277, 285 (5th Cir.1958); see also 6 Wright & Miller, supra at § 1491. It encourages a court to consider requests to amend favorably, in particular, when "it becomes necessary to adjust the pleadings to reflect the case as it actually was litigated in the courtroom." 6 Wright & Miller, supra at § 1491. "To effectuate the policy underlying Rule 15(b) and in recognition of the spirit of the Federal Rules of Civil Procedure, [the Fifth] Circuit has pursued 'a course of strong liberality ... in allowing amendments.'"  Mineral Industries & Heavy Construction Group v. Occupational Safety and Health Review Commission, 639 F.2d 1289 (5th Cir.1981) (quoting United States v. Stephen Brothers Line, 384 F.2d 118 (5th Cir.1967)).

Thus, under FRCP 15, leave should be freely granted.

## CONCLUSION

This Court should allow Officer John Doe Police Officer to file *Amended Complaint for Damages* to add Black Lives Matter Network and #BlackLivesMatter as party defendants . This Court should further allow Officer John Doe Police Officer to amend the caption in this matter to reflect the proper parties so that a summons may be issued in this matter.

Respectfully submitted:

s/Donna Grodner
Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run Drive, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX (225) 769-1997
dgrodner@grodnerlaw.com

CERTIFICATE

I hereby certify that on June 15, 2017, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel named below by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the parties marked

non-CM/ECF participants:

                                        <u>s/Donna Grodner</u>
                                        Donna U. Grodner (20840)