**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **OFFICER JOHN DOE** | * | **CIVIL NO.:** |
| | * | |
| **v.** | * | **16-CV-742-BAJ-RLB** |
| | * | |
| **DERAY MCKESSON AND** | * | |
| **BLACK LIVES MATTER** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN OPPOSITION TO
PLAINTIFF JOHN DOE'S MOTION TO SUPPLEMENT**

NOW INTO COURT, through undersigned counsel, comes defendant DeRay Mckesson, who respectfully submits the following memorandum in opposition to plaintiff John Doe's Motion for Leave to Supplement (Rec. Doc. 60).

**I.      Introduction**

Officer Doe's proposed supplemental exhibits—all of which are unauthenticated website printouts—lend no support to his contention that the "Black Lives Matter" movement is an unincorporated association that can be sued.  In fact, each of these exhibits concern Black Lives Matter Network, Inc., which Officer Doe has named as a defendant in his proposed Amended Complaint and which Officer Doe alleges to be a separate, **incorporated** entity that controls the website blacklivesmatter.com.  *See* Rec. Doc. 52, p. 3 (proposing to add Delaware corporation Black Lives Matter Network, Inc. as a defendant).

Without offering any explanation or analysis, Officer Doe submits the following materials:

(1) a printout from the website of Borealis Philanthropy (Rec. Doc. 60-3, p. 1-3);

(2) a printout from the website of Southern California Public Radio (*Id*. at p. 4-6);

(3) a printout from the website of Fox News (*Id*. at p. 7);

(4) a printout from the website of The Chronicle of Philanthropy (*Id.* at p. 8);

(5) a printout from the website of Advertising Age (Rec. Doc. 60-4, p. 1-5); and

(6) a printout from the website of Adweek.com (Rec. Doc. 60-4, p. 6-9).

As is explained below, these materials refer to Black Lives Matter Network, Inc., which Officer Doe has named as an individual, corporate defendant.  These materials do not support Office Doe's argument that the "Black Lives Matter" movement is an unincorporated association that may be sued.

## II.      Officer Doe has named Black Lives Matter Network, Inc. as a defendant in his proposed Amended Complaint.

In his proposed amended petition, Officer Doe seeks to add Black Lives Matter Network, Inc. as a defendant.  Rec. Doc. 52-4, p. 3.  Officer Doe alleges that Black Lives Matter Network, Inc. is a Delaware corporation and that Patrisse Cullors, Opal Tometi, and Alicia Garza are affiliated with that corporation.  *Id*.  As is discussed below, all of Officer Doe's proposed supplemental exhibits are related to the new proposed defendant, Black Lives Matter Network, Inc.

## III.     Officer Doe's supplemental materials refer to Black Lives Matter Network, Inc.

### A.      Exhibits 1 through 4 discuss a partnership between Black Lives Matter Network, Inc. and International Development Exchange.

Officer Doe first submits materials from Borealis Philanthropy, Southern California Public Radio, Fox News, and The Chronicle of Philanthropy discussing an arrangement between "Black Lives Matter" and the International Development Exchange ("IDEX").  Rec. Doc. 60-3. It is far from clear what these materials mean, but they appear to discuss an arrangement between

IDEX and Black Lives Matter Network, Inc., which Officer Doe alleges to be a separate, corporate entity affiliated with Patrisse Cullors, Opal Tometi, and Alicia Garza.

In particular, these articles refer (1) to blacklivesmatter.com, a website that Officer Doe himself alleges to be affiliated with Black Lives Matter Network, Inc.;[1] and (2) to Alicia Garza and Patrice Cullors, whom Officer Doe contends are affiliated with Black Lives Matter Network, Inc.[2]  Clearly, IDEX's arrangement is with Black Lives Matter Network, Inc., not the "Black Lives Matter" movement as a whole.

Accordingly, these materials fail to support Officer Doe's contention that the "Black Lives Matter" movement is an unincorporated association that may be sued.

### B.    Exhibits 5 and 6 discuss an arrangement between Black Lives Matter Network, Inc. and advertising firm J. Walter Thompson New York.

Officer Doe also submits materials from Advertising Age and Adweek discussing an arrangement between "Black Lives Matter" and advertising firm J. Walter Thompson New York. Rec. Doc. 60-4.  Like the IDEX articles, *supra*, the documents discussing the J. Walter Thompson arrangement are vague and rife with hearsay.  However, both of these documents include quotes from Patrisse Cullors, whom Officer Doe alleges to be affiliated with Black Lives Matter Network, Inc.  *See id*. at p. 3, 8.  Like the IDEX materials, these documents suggest an arrangement between J. Walter Thompson New York and Black Lives Matter Network, Inc., not

---

[1] Rec. Doc. 60-3, p. 1 (Borealis Philanthropy listing the blacklivesmatter.com website); *see also* Rec. Doc. 52, p. 3 (Officer Doe alleging that Black Lives Matter Network, Inc. accepts donations on the "Black Lives Matter Website").

[2] *See id*. at 6 (Southern California Public Radio article stating that "part of the tie between the groups is personal [IDEX Executive Director Rajasvini] Bhansali has known [Alicia] Garza and fellow Black Lives Matter co-founder Patrisse Cullors for about a decade through their work, especially in the San Francisco Bay Area"); *id*. at 8 (The Chronical of Philanthropy stating that IDEX director Rajasvini Bhansali "has long known Black Lives Matter co-founders Alicia Garza and Patrisse Cullors through their Bay Area activism"); *see also* Rec. Doc. 52, p. 3 (Officer Doe alleging that Patrisse Cullors, Opal Tometi, and Alicia Garza are affiliated with Black Lives Matter Network, Inc.).

the unincorporated "Black Lives Matter" movement as a whole.  Accordingly, these materials do not support Officer Doe's contention that the "Black Lives Matter" movement is an unincorporated association that may be sued.

**III.**   **Conclusion**

For the reasons stated above, the supplemental exhibits offered by Officer Doe do not support his contention that the "Black Lives Matter" movement is an unincorporated entity that may be sued.

Respectfully submitted,

*/s/ William P. Gibbens*
William P. Gibbens, 27225
SCHONEKAS, EVANS, McGOEY
& McEACHIN, LLC
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone:  (504) 680-6050
Facsimile:  (504) 680-6051
billy@semmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was served upon opposing counsel of record this 5th day of July, 2017, by e-filing same into the CM/ECF system, which will automatically delivery a copy of same to all counsel.

*/s/ William P. Gibbens*
WILIAM P. GIBBENS