UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN FORD                                                    CIVIL ACTION

VERSUS

DERAY MCKESSON                                    NO. 16-00742-BAJ-RLB

## DEFENDANT DERAY MCKESSON'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF JOHN FORD'S
## AMENDED COMPLAINT

**NOW COMES** defendant DeRay Mckesson, through undersigned counsel, who responds to plaintiff John Ford's Amended Complaint:

## ANSWER

Defendant DeRay Mckesson answers the Amended Complaint as follows:

1.

Paragraph 1 states a legal conclusion for which no answer is required.  To the extent that an answer is required, Mr. Mckesson admits that the Court has jurisdiction over this matter.

2.

Paragraph 2 states a legal conclusion for which no answer is required.  To the extent that an answer is required, Mr. Mckesson admits that venue is proper in this district.

3.

The allegations of Paragraph 3 are denied.

4.

The allegations of Paragraph 4 are denied.

5.

The allegations of Paragraph 5 are denied.

1

6.

The allegations of Paragraph 6 are denied.

7.

The allegations of Paragraph 7 are denied.

8.

The allegations of Paragraph 8 are denied.

9.

The allegations of Paragraph 9 are denied.

10.

The allegations of Paragraph 10 are denied.

11.

The allegations of Paragraph 11 are denied.

12.

The allegations of Paragraph 12 are denied.

13.

The allegations of Paragraph 13 are denied.

14.

The allegations of Paragraph 14 are denied.

15.

The allegations of Paragraph 15 are denied.

16.

The allegations of Paragraph 16 are denied for lack of information sufficient to justify a

belief therein.

17.

The allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 are denied for lack of information sufficient to justify a belief therein.

19.

The allegations of Paragraph 19 are denied.

20.

The allegations of Paragraph 20 are denied.

21.

The allegations of Paragraph 21 are denied.

22.

The allegations of Paragraph 22 are denied.

23.

The allegations of Paragraph 23 are denied for lack of information sufficient to justify a belief therein.

24.

The allegations of Paragraph 24 are denied.

25.

The allegations of Paragraph 25 are denied.

26.

The allegations of Paragraph 26 are denied.

27.

The allegations of Paragraph 27 are denied.

28.

The allegations of Paragraph 28 are denied.

29.

The allegations of Paragraph 29 are denied.

30.

The allegations of Paragraph 30 are denied.

31.

The allegations of Paragraph 31 are denied for lack of information sufficient to justify a belief therein.

32.

The allegations of Paragraph 32 are denied for lack of information sufficient to justify a belief therein.

33.

The allegations of Paragraph 33 are denied.

34.

The allegations of Paragraph 34 are denied.

35.

The allegations of Paragraph 35 are denied.

36.

The allegations of Paragraph 36 are denied.

37.

The allegations of Paragraph 37 are denied.

38.

The allegations of Paragraph 38 are denied.

39.

The allegations of Paragraph 39 are denied.

40.

The allegations of Paragraph 40 are denied for lack of information sufficient to justify a belief therein.

41.

The allegations of Paragraph 41 are denied.

42.

The allegations of Paragraph 42 are denied for lack of information sufficient to justify a belief therein.

43.

Mr. Mckesson admits that he was a plaintiff in *Mckesson, et al. v. City of Baton Rouge, et al.*, M.D.La. Civil Action No. 16-520-JWD-EWD.  The remaining allegations of Paragraph 43 are denied.

44.

The allegations of Paragraph 44 are denied.

45.

The allegations of Paragraph 45 are denied.

46.

The allegations of Paragraph 46 are denied.

47.

Mr. Mckesson admits that he was arrested July 9, 2016. The remaining allegations of Paragraph 47 are denied.

48.

The allegations of Paragraph 48 are denied.

49.

The allegations of Paragraph 49 are denied.

50.

The allegations of Paragraph 42 are denied for lack of information sufficient to justify a belief therein.

51.

The allegations of Paragraph 51 are denied.

52.

The allegations of Paragraph 52 are denied.

53.

The allegations of Paragraph 53 are denied for lack of information sufficient to justify a belief therein.

54.

The allegations of Paragraph 54 are denied for lack of information sufficient to justify a belief therein.

55.

The allegations of Paragraph 55 are denied.

56.

The allegations of Paragraph 56 are denied for lack of information sufficient to justify a belief therein.

57.

The allegations of Paragraph 57 are denied for lack of information sufficient to justify a belief therein.

58.

The allegations of Paragraph 58 are denied for lack of information sufficient to justify a belief therein.

59.

The allegations of Paragraph 59 are denied.

60.

The allegations of Paragraph 60 are denied for lack of information sufficient to justify a belief therein.

61.

The allegations of Paragraph 61 are denied for lack of information sufficient to justify a belief therein.

62.

The allegations of Paragraph 62 are denied for lack of information sufficient to justify a belief therein.

63.

The allegations of Paragraph 63 are denied.

64.

The allegations of Paragraph 64 are denied.

65.

The allegations of Paragraph 65 are denied.

66.

The allegations of Paragraph 66 are denied.

67.

The allegations of Paragraph 67 contain a legal conclusion for which no answer is required. To the extent that an answer is required, the allegations of Paragraph 67 are denied.

68.

The allegations of Paragraph 68 contain a legal conclusion for which no answer is required. To the extent that an answer is required, the allegations of Paragraph 68 are denied.

69.

The allegations of Paragraph 69 contain a legal conclusion for which no answer is required. To the extent that an answer is required, the allegations of Paragraph 69 are denied.

70.

The allegations of Paragraph 70 are denied.

71.

The allegations of Paragraph 71 are denied for lack of information sufficient to justify a belief therein.

72.

The allegations of Paragraph 72 are denied.  Mr. Mckesson specifically denies that the plaintiff is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

And now, answering in the affirmative, defendant DeRay Mckesson states as follows:

## FIRST AFFIRMATIVE DEFENSE

Mr. Mckesson is not liable for the actions of third parties over whom he exercises no control.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate the damages, if any, which he may have sustained.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the fault of third persons over whom Mr. Mckesson has no control and for which Mr. Mckesson is not responsible.

## FOURTH AFFIRMATIVE DEFENSE

In the event that Mr. Mckesson is found liable to the plaintiff, which is denied, then such liability is not joint and several or *in solido* with other parties, it is merely joint and divisible. Further, the liability among the plaintiff, the defendant, and alleged third parties (whether or not parties to this action) should be apportioned according to Louisiana Civil Code article 2324 and any other applicable legal provision.

## FIFTH AFFIRMATIVE DEFENSE

Mr. Mckesson's actions on July 9, 2016 in Baton Rouge were legal and were protected by the First Amendment to the United States Constitution.

## <u>SIXTH AFFIRMATIVE DEFENSE</u>

The plaintiff is barred from recovery by the doctrine of equitable estoppel.

## <u>SEVENTH AFFIRMATIVE DEFENSE</u>

The defendant reserves the right to supplement this Answer and add affirmative defenses.

## <u>JURY DEMAND</u>

The defendant requests a trial by jury.

**WHEREFORE**, defendant DeRay Mckesson prays that this Answer and Affirmative Defenses be deemed good and sufficient and that, after due proceedings, all claims of the plaintiff, John Ford, be denied and dismissed at his sole cost, and for any other equitable relief the court may deem proper.

Respectfully submitted,

*/s/ William P. Gibbens*
William P. Gibbens, 27225
SCHONEKAS, EVANS, McGOEY &
    McEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-6050
Facsimile: (504) 680-6051
billy@semmlaw.com

Attorney for DeRay Mckesson

10