UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **OFFICER JOHN FORD** | * | **CIVIL NO.:** |
| | * | |
| v. | * | **16-CR-742-BAJ-RLB** |
| | * | |
| **DERAY MCKESSON AND** | * | |
| **BLACK LIVES MATTER** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT DERAY MCKESSON'S NOTICE REGARDING THE SUPREME COURT'S CERTIORARI DECISION

Pursuant to the Court's order staying and administratively closing this case pending the Supreme Court's ruling on Defendant DeRay Mckesson's petition for a writ of certiorari, *see* Rec. Doc. 124, Mckesson respectfully submits this filing to notify the Court of the Supreme Court's decision. On April 15, 2024, the Supreme Court denied certiorari, accompanied by a statement by Justice Sotomayor (attached as Exhibit "A").

The statement explains that the Court's decision "expresses no view about the merits of Mckesson's claim," noting that, when "the law is not in need of further clarification," the Court may choose not to grant certiorari. Ex. "A" at 3. In this case, the statement suggests that the existing, clear law comes from *Counterman v. Colorado*, 600 U.S. 66 (2023). *Id*. at 2-3. Though "the Fifth Circuit did not have the benefit of th[e Supreme] Court's [*Counterman*] decision when it issued its opinion, the lower courts now do." *Id.* at 3. The statement makes even clearer that the First Amendment does not permit liability on the negligence theory advanced by Ford in this case.

In *Counterman*, the Supreme Court considered what *mens rea* standard the First Amendment requires for true threats. Though the inquiry in *Counterman* was focused on a

1

particular category of unprotected speech, the Court highlighted the important role *mens rea* plays in all First Amendment contexts. Because "[p]rohibitions on speech have the potential to chill, or deter, speech," including, as here, through "the expense of becoming entangled in the legal system," "a culpable mental state" requirement acts as "an important tool" to "provide[ ] 'breathing room' for more valuable speech." *Counterman*, 600 U.S. at 75. In contrast, an insufficient mental state requirement "may lead [a speaker] to swallow words," disclaim associations, and avoid protests, thus "discourag[ing] the 'uninhibited, robust, and wide-open debate that the First Amendment is intended to protect.'" *Id.* at 78 (quoting *New York Times v. Sullivan*, 376 U.S. 254, 270 (1964)).

Explaining how those principles apply to incitement, the Court made clear that, because incitement is "commonly a hair's-breadth away from political 'advocacy'—and particularly from strong protests against the government and prevailing social order," the First Amendment demands "[a] strong intent requirement." *Id.* at 81. Specifically, "the First Amendment precludes punishment, whether civil or criminal, unless the speaker's words were 'intended' (not just likely) to produce imminent disorder." *Id.* at 76 (marks and citations omitted).

Outside of the context of incitement and protest, "the Court made clear that the First Amendment bars the use of 'an objective standard' like negligence for punishing speech[.]" Ex. "A" at 2 (quoting *Counterman*, 600 U.S. at 78, 79, n.5). It expressly "rejected" negligence as an available *mens rea* standard. *Counterman*, 600 U.S. at 79, n.5.

The statement notes that the Supreme Court expects a "full and fair consideration" of *Counterman* "in any future proceedings in this case," Ex. A at 3, where the only remaining claim is negligence.

Respectfully submitted,

*/s/ William P. Gibbens*
William P. Gibbens, 27225
SCHONEKAS, EVANS, McGOEY
& McEACHIN, LLC
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
Facsimile: (504) 680-6051
billy@semmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was served upon opposing counsel of record this 17th day of April, 2024, by e-filing same into the CM/ECF system which will automatically deliver a copy of same to all counsel.

*/s/ William P. Gibbens*
WILIAM P. GIBBENS

3