Cite as: 601 U. S. ____ (2024) 1

Statement of SOTOMAYOR, J.

# SUPREME COURT OF THE UNITED STATES

DERAY MCKESSON *v.* JOHN DOE

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 23–373. Decided April 15, 2024

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR respecting the denial of certiorari.

Earlier in this case, the Fifth Circuit held that petitioner DeRay Mckesson, the leader of a Black Lives Matter protest in Baton Rouge, Louisiana, could be liable under a negligence theory for serious injuries sustained by a police officer when an unidentified individual attending that protest threw a hard object that hit the officer in the face. 945 F. 3d 818, 828–829 (2019). In so holding, the Fifth Circuit rejected Mckesson's argument that the First Amendment barred his liability in these circumstances absent a showing of intent to incite violence. *Id.*, at 832. Judge Willett dissented, explaining that the majority's theory of "'[n]egligent protest' liability against a protest leader for the violent act of a rogue assailant . . . clash[ed] head-on with constitutional fundamentals." *Id.*, at 846 (opinion concurring in part and dissenting in part).

This Court vacated the Fifth Circuit's judgment and remanded for certification of the underlying state-law questions to the Louisiana Supreme Court, recognizing that there would be no need to reach the constitutional question on which the panel had divided if Louisiana law did not provide for negligence liability in these circumstances. See *Mckesson* v. *Doe*, 592 U. S. 1, 4–6 (2020) (*per curiam*). The Court explained that "certification would ensure that any conflict in this case between state law and the First Amendment is not purely hypothetical." *Id.*, at 6.

When the Louisiana Supreme Court took up the question and concluded that state law did allow the claim, the Fifth Circuit once again had to answer the constitutional question. See 71 F. 4th 278, 282 (2023). The same divided panel then reaffirmed its prior holding that Mckesson could be liable in negligence to the officer, again rejecting Mckesson's argument that the First Amendment precluded the imposition of negligence liability in these circumstances. See *id.*, at 295–297. Judge Willett again dissented on this point, arguing that, under this Court's decision in *NAACP* v. *Claiborne Hardware Co.*, 458 U. S. 886 (1982), "a protest leader's simple negligence is far too low a threshold for imposing liability for a third party's violence." 71 F. 4th, at 306 (opinion concurring in part and dissenting in part). A negligence theory of liability for protest leaders, the dissent pointed out, "would have enfeebled America's street-blocking civil rights movement, imposing ruinous financial liability against citizens for exercising core First Amendment freedoms." *Id.*, at 313.

Less than two weeks after the Fifth Circuit issued its opinion, this Court decided *Counterman* v. *Colorado*, 600 U. S. 66 (2023). In *Counterman*, the Court made clear that the First Amendment bars the use of "an objective standard" like negligence for punishing speech, *id.*, at 78, 79, n. 5, and it read *Claiborne* and other incitement cases as "demand[ing] a showing of intent," 600 U. S., at 81. The Court explained that "the First Amendment precludes punishment [for incitement], whether civil or criminal, unless the speaker's words were 'intended' (not just likely) to produce imminent disorder." *Id.*, at 76 (citing *Claiborne*, 458 U. S., at 927–929, among other cases). Although the Court determined that a less-demanding recklessness standard was sufficient to punish speech as a "true threat," it emphasized that an objective standard like negligence would violate the First Amendment. See 600 U. S., at 82.

Mckesson now asks this Court to "grant certiorari and

confirm that *Claiborne* forecloses negligent-protest liability." Pet. for Cert. 15. Because this Court may deny certiorari for many reasons, including that the law is not in need of further clarification, its denial today expresses no view about the merits of Mckesson's claim. Although the Fifth Circuit did not have the benefit of this Court's recent decision in *Counterman* when it issued its opinion, the lower courts now do. I expect them to give full and fair consideration to arguments regarding *Counterman*'s impact in any future proceedings in this case.