UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN FORD | * | CIVIL ACTION NO: 16-742 |
| | * | |
| v. | * | JUDGE BRIAN A. JACKSON |
| | * | |
| DeRAY McKESSON | * | MAGISTRATE JUDGE |
| | * | RICHARD L. BOURGEOIS, JR. |

*******************************************************************

**RESPONSE TO DEFENDANT DERAY MCKESSON'S NOTICE REGARDING THE SUPREME COURT'S CERTIORARI DECISION**

MAY IT PLEASE THE COURT:

Mr. McKesson went far beyond notifying this Court of the Supreme Court's decision. Compare RD 124 and 126.

Mr. McKesson took a wide and broad pole vaulting extra-step in his brief wherein he has represented a "statement"[1] issued by a single Justice to be a statement issued by the Supreme Court, itself.[2] Justice Sotomayer was not writing for the Court. Her "statement" was not a *per curiam* issued on behalf of the Court. Justice Sotomayer's statement is a dissenting opinion from a singular judge, who could not obtain a second or third justice to join her in her dissenting opinion.[3]

The Fifth Circuit has twice ruled that First Amendment protections do not apply to

---

[1] "And it is quite clear that 'the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.' C. Wright, Federal Courts 34 (1963)." Flast v. Cohen, 392 U.S. 83, 96, 88 S. Ct. 1942, 1950, 20 L. Ed. 2d 947 (1968). The "statement" is either an advisory opinion or a dissent from the Court's refusal to grant a writ in this case. Either way, the "statement" has no precedential value in this case.

[2] Writing, "[T]he Supreme Court expects a 'full and fair consideration' of Counterman 'in any future proceedings in this case.'" RD 126, at 2, ¶ 1. McKesson's representation is a gross and flagrant misrepresentation of a single statement issued by a solo justice. The "statement" was not sanctioned by and it does not bear the weight of the Supreme Court.

[3] The Supreme Court denied writs, "A dissenting opinion does not create binding precedent nor does it become a part of case law, though they can sometimes be cited as a form of persuasive authority in subsequent cases when arguing that the court's holding should be limited or overturned."https://en.wikipedia.org/wiki/Dissenting_opinion

this case, which ruling is law of the case and binding on this Court.[4]

Of Counterman,[5] that case was on the books when the Supreme Court denied writs in this case.[6] Had the Supreme Court wanted this case to be reviewed under Counterman,[7] the Supreme Court would have remanded this case to the Fifth Circuit Court of Appeal to reconsider its ruling in view of Counterman, which, as we well know, writs were denied.

Moreover through DeRay McKesson's reply brief in a footnote to the Supreme Court, he wrote that reconsideration under Counterman would not help him, writing:

> One amicus suggests that the Court vacate and remand in light of Counterman. FIRE Amicus Br. 3. But "such further proceedings," are neither needed nor "just under the circumstances." 28U.S.C. § 2106. The passages in Counterman that cast light on the Fifth Circuit's errors were restatements of the same long-settled principles petitioner pressed below, and petitioner—having weathered one "prolong[ed]" and "expens[ive]," 592 U.S. at 5, round of remand proceedings, culminating in a decision no more faithful to Claiborne than its precursors—should not have to pursue yet another in order to vindicate his First Amendment rights.

A "statement" by a single Justice carries no meaningful weight. Justice Sotomayer

---

[4] "'[w]hatever was before the Court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. They cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it upon any matter decided on appeal for error apparent; or intermeddle with it, further than to settle so much as has been remanded.' Sibbald v. United States, 12 Pet. 488, 492, 9 L.Ed. 1167 (1838)." In re Whole Woman's Health, 142 S. Ct. 701, 702, 211 L. Ed. 2d 581 (2022).

[5] Counterman v. Colorado, 600 U.S. 66 (2023)(recklessness is the appropriate *mens rea*, consistent with the First Amendment, for a criminal conviction for communications constituting a true threat.).

[6] Sotomayer's agenda through her statement issued in this case is unclear where she wrote separately in Counterman because she could not fully agree with the majority opinion in Counterman, writing, "Today, unfortunately, the Court unnecessarily departs from this traditional understanding. That is not to say that I disagree with the Court on everything." Counterman v. Colorado, 600 U.S. 66, 84, 143 S. Ct. 2106, 2120, 216 L. Ed. 2d 775 (2023).

[7] Colorado charged Counterman under a statute making it unlawful to "[r]epeatedly ... make[ ] any form of communication with another person" in "a manner that would cause a reasonable person to suffer serious emotional distress and does cause that person ... to suffer serious emotional distress." Colo. Rev. Stat. § 18–3–602(1)(c) (2022).

is suggesting that, as the case continues in the lower courts, the defendant may want to argue that the newer SCOTUS decision (Counterman v. Colorado) may have somehow change the relevant First Amendment test. Lower courts must ignore Justice Sotomayer's "statement."  Presently, the law of the case, is the Fifth Circuit ruling that the First Amendment protections do not apply in this case.  Reconsideration is impermissible.

## CONCLUSION

The reasoning in her dissenting opinion on which Justice Sotomayer may have wished that a writ be granted bears no weight in this case.  The First Amendment issue in this case is closed and the Fifth Circuit ruling is the law of this case.

Respectfully submitted:

s/ Donna U. Grodner
Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX (225) 769-1997
Dgrodner@grodnerlaw.com

Denise A. Vinet (17185)
VINET & DAY, LLC
11817 Bricksome Ave., Ste A
Baton Rouge, Louisiana 70816
(225) 292-7410 FAX (225) 292-4149

CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2024, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.

s/ Donna U. Grodner
Donna U. Grodner (20840)